EVANS KEFAUVER ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NEWTOWN ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 1—decided October 29, 1963

*Philip H. Smith,* for the appellants (plaintiffs).

*George N. Wakelee,* for the appellees (defendants Foster).

MURPHY, J.  The plaintiffs are a group of property owners in the Riverside section of the town of Newtown who appealed to the Court of Common Pleas from the action of the zoning board of ap-

peals of Newtown in granting, in part, the application of Charles E. and Gertrude A. Foster for a special exception to the zoning regulations to permit them to construct an addition to a motel which has been a nonconforming use in a farming and residence zone since August 25, 1958, the effective date of the zoning regulations. The court held that the plaintiffs had failed to prove that the action of the board was arbitrary, illegal, unreasonable or in abuse of discretion and dismissed the appeal. The plaintiffs have appealed from the judgment.

Upon this appeal, we must necessarily review the conclusion of the lower court and the facts in the record on which the conclusion is based in order to determine the correctness of the conclusion. *Gordon v. Zoning Board,* 145 Conn. 597, 601, 145 A.2d 746. The court in its memorandum of decision stated that it took judicial notice of the file and in particular of the judgment file in *Kefauver* v. *Foster,* Court of Common Pleas, Fairfield County, No. 77093, an action which several of the present plaintiffs instituted after the present appeal from the decision of the zoning board of appeals had been taken. The judgment in No. 77093 vitally affected part of the property on which the Fosters had the board's approval to build the addition to their motel. The Fosters were defendants in that case as well as in this one. Judgment by stipulation of the parties was rendered in No. 77093 on June 13, 1961, whereas the appeal to the Court of Common Pleas in the present case was not heard and decided until April 26, 1962. We have examined the file in No. 77093 and do not agree with the conclusion reached by the trial court in the present case on the basis of the judicial notice it took of that file.

The Riverside section of Newtown is a real estate

development on Lake Zoar dating from 1923. In 1927, the owners of property in the section organized the Riverside on Lake Zoar Association, Inc., as a corporation without capital stock. In 1930, by deed from the developer, the association acquired title to the private roadways in the development and was charged with the maintenance and upkeep of them. In 1945 and 1946, the state of Connecticut, through the highway commissioner, acquired by purchase or condemnation all or part of many of the lots in Riverside for the relocation of route 6 as a part of the highway system. Route 6 bisects Riverside and cuts across Mountain View Road, Lakeview Road and Lake Drive. The portion of the Foster property involved in this appeal lies between Mountain View Road and Lakeview Road, east of route 6. Lakeview Road has no direct access to route 6. Access to and from the northbound lane of route 6 was provided at Mountain View Road. A macadamized service road was constructed by the highway department parallel to and immediately adjacent to the east side of the route 6 layout. Part of this service road ran between Lakeview Road and Mountain View Road. There is an underpass beneath route 6 at Lake Drive, and the service road together with this underpass permitted the residents of Riverside to get to and from their properties.

In 1953, the highway commissioner executed a quitclaim deed of seven parcels of land in Riverside to the association. This deed was not recorded until 1959. We are concerned only with parcel 6, because the board denied the portion of the Fosters' application which sought a special exception for expansion in parcel 7. Parcel 6 lies between Mountain View Road and Lakeview Road and abuts the

easterly edge of route 6 for a distance of 230 feet. Parcel 6 includes a section of the service road. The parcel contains 0.31 acres and is of varying depth, the easterly boundary being irregular because it follows the taking line of certain properties acquired by the state. The Fosters owned the land adjacent to parcel 6 on the east and there erected, in 1954, a twelve-unit motel fronting on Lakeview Road. On May 7, 1958, the association quitclaimed parcels 6 and 7 to the Fosters. At the time, Charles Foster was the treasurer of the association and was also a member of its executive committee, which purported to authorize the conveyance although the deed to the association was not recorded until over a year later.

When the Newtown zoning regulations became effective on August 25, 1958, the Fosters' original property and parcel 6 were placed in a farming and residential district. The motel then became a nonconforming use. Article 5, § 1.5, of the regulations provided that the owner or lessee of any nonconforming commercial use in operation on February 27, 1958, could "apply to the Zoning Board of Appeals for a special exception to permit an addition to an existing structure on land owned or leased by the applicant on such date." The section, by express provision, required the board to make certain findings before it could grant any special exception. The section also provided for its own expiration on December 31, 1959. On November 12, 1959, the Fosters filed an application and plot plan with the board for a special exception to permit additions to the motel by adding a utility room at its easterly end and, at its westerly end, an irregularly shaped coffee shop or restaurant facing route 6, together with an office and ten additional

bedroom units facing Mountain View Road. The office and most of the restaurant were to be located in parcel 6. The plot plan showed the front of the restaurant to be set back thirty-five feet from the toe of the slope on the east side of route 6. The toe of the slope is the west line of the service road. Foster explained to the board that the application was based on having the front of the addition face route 6. As the zoning regulations (arts. 4 § 2, 5 § 2.1) require a setback of thirty-five feet from the front line in a situation such as this, the board could not legally grant the exception unless there was a distance of thirty-five feet between the street on which the lot faces and the front of the building. This is required because the regulations provide minimum dimensions for the front, rear and side yards. In other words, the area between the building and the front line of the lot must be space which can be utilized as a front yard.

At the public hearing on December 2, 1959, Foster claimed title to the area embraced in the service road under the 1958 quitclaim from the association. Opponents of his application, including one of the plaintiffs who was at that time an officer of the association but was speaking for himself only, challenged the validity of the Fosters' title and maintained that other property owners and association members had an easement in the service road. In the judgment to which the Fosters stipulated in case No. 77093, the quitclaim deed of May 7, 1958, from the association to the Fosters was declared null and void and of no legal effect. The judgment also directed the Fosters to reconvey to the association all of the property conveyed to them on May 7, 1958, and further directed the association, upon payment to it of $150 by the Fosters, to then convey

the same premises to the Fosters, reserving in the association, however, an easement for the maintenance and use of the service road as a part of the private roadway system of the association. The service road thus conformed to the definition of a street in article 2 of the zoning regulations: "a way, whether public or private, which affords the principal means of access to abutting property."

While technically the Fosters may own the fee, the easement effectively prevents them from using any part of the macadamized service road as a front yard for their enterprise and requires the depth of the front yard to be measured from the edge of the service road which is nearest to the front of the proposed addition. Whether the service road is twenty-five feet wide, as claimed by the plaintiffs at the hearing, or fifteen feet, as indicated in the highway department maps to which reference is made in the judgment in case No. 77093, the front-yard depth does not meet the minimum requirement of the regulations for the addition of the restaurant, office and bedroom units. The board was in error in granting a special exception for such an addition. The utility room which the Fosters plan to add to the eastern end of the existing motel is not affected by the front-yard requirements, and the board acted within its powers in authorizing this addition. The appeal should have been sustained except as to the part of the special exception which approved the addition of the utility room.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.