NEWTON RUGGLES ET AL. *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF ORANGE ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued January 4—decided January 17, 1967

*Richard H. Bowerman,* for the appellant (named defendant), and *Stephen E. Ronai,* for the appellant (defendant Orange Drainage Products, Inc.).

*Stephen A. Habetz,* with whom, on the brief, was *John J. Relihan,* for the appellees (plaintiffs).

PER CURIAM. From a judgment of the Court of Common Pleas which sustained the appeal from a decision of the defendant commission granting a permit for the removal of sand and gravel and which directed the commission to deny the permit, the defendants appealed to us. The trial court made no finding, and no claims of law appear in the record

before us. We can properly turn to the memorandum of decision to ascertain the ground on which the court acted. *Miklus* v. *Zoning Board of Appeals,* 154 Conn. 399, 400, 225 A.2d 637; *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855; *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 700, 220 A.2d 274. Here, however, we find only the bare conclusion that the commission acted illegally, arbitrarily and in abuse of its discretion in granting the permit. No reasons for the conclusion are stated. Both briefs contain numerous references to portions of the transcript of the hearing before the commission, but only the appellees filed an appendix to their brief. In an appeal from a zoning board of appeals or a zoning commission, any portion of the record before the board or commission which was returned to the trial court but was not included in the printed record shall, if a party desires to present it to us, be printed only in an appendix to the brief. Practice Book §§ 647, 716, 721, see § 719; *Miklus* v. *Zoning Board of Appeals,* supra; *Faubel* v. *Zoning Commission,* 154 Conn. 202, 208, 224 A.2d 538.

We must conclude that the trial court substituted its judgment for that of the commission without any apparent reasons or basis therefor. The defendants properly assigned this action as error. *Hall* v. *Planning & Zoning Board,* 153 Conn. 574, 577, 219 A.2d 445; *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 267, 196 A.2d 758; *Summ* v. *Zoning Commission,* 150 Conn. 79, 89, 186 A.2d 160. Since we are unable to determine the ground of the court's decision, a new trial is necessary.

There is error, the judgment is set aside and a new trial is ordered.