### The A.P. & W. Holding Corporation et al. *v.* Planning and Zoning Board of the City of Milford et al.

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued June 5—decision released August 27, 1974

*Richard H. Lynch,* for the appellants (plaintiffs).

*Kenneth J. Damato,* with whom, on the brief, was *Joseph E. Meuser,* for the appellee (defendant Howard C. Merk).

No appearance for the named defendant.

Bogdanski, J. This appeal concerns two adjoining parcels of land owned by the defendant Howard C. Merk and referred to as parcel 8A and parcel 12,

located at the intersection of Old Gate Lane and Woodmont Road in the city of Milford. The defendant Merk had constructed a motel on parcel 12, a use authorized by a special permit issued by the defendant planning and zoning board in 1967. On June 5, 1972, Merk applied to the defendant board for an amendment to this special permit, seeking to reduce the land area of parcel 12 from 2.75 acres to 1.78 acres. Thereafter, on July 17, 1972, Merk filed a second application "for an AMENDMENT TO SPECIAL PERMITS to establish or construct a Automatic Truck Wash . . . on property described as . . . Woodmont Road, . . . BLOCK #810 Parcel # 8A & 12." The land area described in this second application was 1.81 acres, and included all of parcel 8A and that portion of land which Merk sought to have removed from parcel 12 in his June application. On September 26, 1972, the board held a public hearing, and thereafter voted to approve both amendments to the special permit.

The plaintiffs, abutting property owners, appealed from those actions to the Court of Common Pleas, which dismissed the appeal. After our grant of certification, the plaintiffs appealed to this court, assigning error in the conclusion of the court that the board did not act illegally, arbitrarily or in abuse of its discretion. The remaining assignments of error have not been briefed and are treated as abandoned. *First Hartford Realty Corporation* v. *Plan & Zoning Commission,* 165 Conn. 533, 535, 338 A.2d 490; Maltbie, Conn. App. Proc. § 327.

The defendant planning and zoning board has "all the powers and duties conferred or imposed by the

general statutes on planning and zoning [commissions] . . . ." 29 Spec. Acts, No. 139, art. IV § 8. "Although the . . . defendant is designated a 'board' in Milford, usually such a body authorized to enact zoning regulations, as this one is, has been legally designated a 'commission.' See General Statutes §§ 8-1, 8-4a." *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 207 n.1, 230 A.2d 606. In adopting or amending regulations, the board acts in a legislative capacity pursuant to the delegated authority contained in title 8, chapter 124 of the General Statutes. *First Hartford Realty Corporation* v. *Plan & Zoning Commission,* supra, 540; *Weigel* v. *Planning & Zoning Commission,* 160 Conn. 239, 245, 278 A.2d 766; *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 84, 103 A.2d 814. Acting in that legislative capacity, the board has adopted zoning regulations including provisions for special permit applications.

Chapter IV § 16.B of the zoning regulations of the city of Milford (1968) authorizes the board to issue special permits provided that specified standards are satisfied.[1] When considering an application for a special permit, the board acts in an

---

[1] "Applications for required special permits shall be made to the City Planning and Zoning Board. The City Planning and Zoning Board may, after public notice and hearing, in the same manner as required by law for zoning amendments, authorize the issuance of said permits provided it shall find that:

"1. The location and size of the use, the nature and intensity of the operations involved in or conducted in connection with it, and its relation to streets giving access to it, shall be such that it will not be hazardous, inconvenient or detrimental to the character of the neighborhood, or impair the value thereof, or the use shall not be inconsistent with the Plan of Development or policy for future development of the area.

"2. The location, nature and height of buildings, walls and fences, and the nature and extent of landscaping on the site, shall be such

administrative capacity. *Farina* v. *Zoning Board of Appeals,* 157 Conn. 420, 422, 254 A.2d 492. The terms "special permit" and "special exception" have the same legal import and can be used interchangeably. *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 15, 291 A.2d 208; *Summ* v. *Zoning Commission,* 150 Conn. 79, 87, 186 A.2d 160. A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. *Beckish* v. *Planning & Zoning Commission,* supra; *W A T R, Inc.* v. *Zoning Board of Appeals,* 158 Conn. 196, 200, 257 A.2d 818. The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the "conditions necessary to protect the public health, safety, convenience and property values." General Statutes § 8-2; *Anastasi* v. *Zoning Commission,* 163 Conn. 187, 190, 302 A.2d 258. Acting in this administrative capacity, the board's function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied. *W A T R, Inc.* v. *Zoning Board of Appeals,* supra; *Farina* v. *Zoning Board of Appeals,* supra.

---

that the use will not hinder or discourage the appropriate development and use of adjacent land and buildings or impair the value thereof.

"3. The proposed use will be provided with off-street parking adequate for its needs, including the assemblage of persons and vehicles in connection with the use, and such parking area or areas will be suitably screened from adjoining residential uses, and the entrance and exit drivers [sic] will be laid out so as to prevent traffic hazards and nuisance.

"4. In residential zones and except where other specific standards of these regulations apply, the Board shall limit building coverage to the same as that required by the zone of the particular property and shall limit the total area of the buildings, off-street parking and any other intensified use activity to 75% of the total area."

Merk's two applications for the special permit amendments stated that they were brought under chapter IV § 16 of the zoning regulations. Chapter IV § 16.F states that "[a]pplications for Special Permit plan amendments which are necessitated by field conditions or which are deemed to be in the public interest may be made to the Planning and Zoning Board. Amendments . . . may be granted after Board review provided it shall find that the stipulations set forth in . . . [§ 16.B (see footnote 1)] are complied with."

In granting Merk's applications for special permit amendments, the defendant board was acting in its administrative capacity, and its actions were governed by chapter IV § 16.F of the zoning regulations. *Wasicki* v. *Zoning Board,* 163 Conn. 166, 171, 302 A.2d 276. The board was powerless to act unless it first found that the amendments were: (1) "necessitated by field conditions" or (2) "deemed to be in the public interest." If one of those conditions was found to exist, the board then had to determine whether the proposed amendments satisfied all the standards set forth in chapter IV § 16.B.1-4.

The board gave no reasons for granting the two applications. It is desirable for the zoning authority to state on the record its reasons for its action, since if it does not, the trial court must search the record to find a basis for the action taken. *Hovanesian* v. *Zoning Board of Appeals,* 162 Conn. 43, 47, 290 A.2d 896; *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 144, 215 A.2d 104; *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 268, 196 A.2d 758. See also General Statutes § 8-3c. " 'Upon appeal, the trial court reviews the record before the board to determine whether it acted fairly or with proper

motives or upon valid reasons . . . . We, in turn, review the action of the trial court.' *Willard* v. *Zoning Board of Appeals,* 152 Conn. 247, 248–49, 206 A.2d 110." *Anastasi* v. *Zoning Commission,* supra, 191. The trial court decided the appeal solely on the record returned by the board, and there is no finding. In these circumstances we consult the memorandum of decision to ascertain the conclusions on which the trial court based its judgment. *Miklus* v. *Zoning Board of Appeals,* 154 Conn. 399, 400, 225 A.2d 637. In its memorandum of decision, the trial court determined that it was for the board to decide whether the applications were necessitated by field conditions or were deemed to be in the public interest as required by § 16.F; that the board's determination that the granting of the applications would increase the public revenue and create much needed employment in the community was sufficient to support its finding that the issuance of the permits would be in the public interest; that all requirements of the zoning regulations had been complied with; that the board considered the problem of traffic flow and the benefits to the community if the applications were granted; and that the issuance of the applications would not interfere with the development of the area. The trial court also concluded that the board did not act illegally, arbitrarily or in abuse of its discretion. "In reviewing those conclusions, we must also necessarily review the facts in the record on which [they] . . . are based in order to test the correctness of the conclusions. *Kefauver* v. *Zoning Board of Appeals,* 151 Conn. 144, 146, 195 A.2d 422. That record is the one submitted to us pursuant to Practice Book § 647 as it may be supplemented by any relevant portions of the record before the board

. . . which are printed in the appendices to the briefs pursuant to Practice Book § 719." *Miklus* v. *Zoning Board of Appeals,* supra, 401.

The printed record fails to disclose evidence to support the court's conclusions. Nowhere in the minutes of the board's executive meeting was any determination made that the applications were "deemed to be in the public interest." Nor was any determination made that the granting of the permits would increase revenue or employment in the community. It is true that one member of the board did state that, "All requirements of the zoning regulations, including the limitation on lot coverage, have been complied with." That general statement is, at best, ambiguous, since the board said nothing regarding compliance with the standards required for special permits under chapter IV § 16.B.1-4, a prerequisite for amendments under § 16.F.

Merk claims that "ample justification for the Board's decision . . . appears upon the face of the record." However, no other portions of the record returned by the board and considered by the trial court in arriving at its conclusions have been printed in the record or in the appendices to the briefs. "In an appeal from a zoning board of appeals . . . any portion of the record before the board . . . which was returned to the trial court but was not included in the printed record shall, if a party desires to present it to us, be printed only in an appendix to the brief. Practice Book §§ 647, 716, 721, see § 719." *Ruggles* v. *Town Plan & Zoning Commission,* 154 Conn. 711, 712, 226 A.2d 108. Since the board gave no reasons for its action, and since neither the printed record nor the appendices to the briefs disclose the facts on which the board

made its determinations, we are constrained to conclude that the record before us fails legally to support the trial court's conclusions.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.