[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present appeals have been consolidated as they arise out of actions taken by defendant, Inland Wetlands Commission of the Town of Bethany, concerning the same parcel of land owned by plaintiff, trustee George Scarveles, acting for a family trust.
On October 27, 1986, the Inland Wetlands Commission (hereinafter IWC) issued permit #199 to plaintiff. This permit authorized the draining of a pond and the installation of sediment and erosion controls. The permit was issued to six conditions:
 1.) You will notify the Commission at least three working days before you intend to drain the pond so that its representative may be present when draining takes place.
 2.) Once the pond has been drained you will determine the type and amount of materials you intend to remove. You will enter this information, including the proposed new profile of the pond bottom on 3 copies of the map submitted with your application.
 3.) You will submit this map and any supporting information to the Commission for its approval (which must be obtained) before removing any materials from the pond.
 4.) Once this approval has been obtained excavating work may begin.
 5.) A copy of this permit, together with the application, maps, etc., (all of which shall constitute an integral part of this permit) shall be available on the site, in the possession of those performing the work, until all work has been completed and approved by the Commission.
 6.) All sedimentation and erosion controls shall be maintained in place until the Commission approves their removal.
CT Page 1059
 Failure to abide by the terms of this permit may be cause for revocation.
Record, Docket #231283, item G.
In a letter dated October 13, 1986, plaintiff wrote to the IWC stating that his plans dated March 19, 1984 (Id., item #1, map) had not changed, and that "in the future" he would like to enlarge his lake as shown on the map as "future lake area." Id., item D.
The conditions numbered two and three on the permit were met. The record reveals no evidence of problems until June 3, 1988. On this date, the IWC issued a cease and desist order for violation of the permit.[1] At the hearing, Mr. Scarveles requested a modification of the cease and desist order. The modification was granted with a caveat that no work was to be done outside the area covered by the original permit. Id., item Y. The said modification was timely filed on July 19, 1988.
Plaintiff appeals the IWC decision on the grounds that the decision is not supported by law or fact, that the cease and desist order is too vague to put plaintiff on notice of the alleged violation, that the modification is similarly vague, that the hearing on the cease and desist order was improperly recorded, that the modification of a previously existing permit deprived the plaintiff of due process of law in taking his property without compensation, and that the IWC did not give plaintiff proper notice of the "suspension" of his permit.
Plaintiff is aggrieved by the decision of the IWC.
There is no question that certain property rights are acquired when a permit is issued. See Hart Twin Volvo Corp. v. Comm. of Motor Vehicles, 165 Conn. 42, 46, n. 1, 327 A.2d 588
(1873). In this case, however, any rights acquired were subject to the conditions in the permit. Thus, if the permit had been revoked subsequent to a valid hearing for failure to comply with said conditions, there would be no violation of due process. The same reasoning applies to the modification if it is determined that the procedure upon which it was granted is proper.
The notice to cease and desist stated that plaintiff was to stop "excavation, processing or removal of material from the premises at 261 Beacon Road until such time as . . . the full extent of the violation" could be determined. Id., item W. The "subject" of the order was noted as "Violation Permit #199 and Terms of Rescission of Cease Desist Dated October 27, 1986." CT Page 1060
 `[N]otice of a hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing. . . .'[citations omitted].
 Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89, 110, 291 A.2d 721 (1971).
Notice in the present case was adequate under applicable law.
No transcript of the hearing is available. However, the minutes taken are more than sufficient for review of plaintiff's claims. In addition, the minutes note that:
 [S]ince during the course of the hearing, two tape recorders failed, Mr. Scarveles was asked if he would waive any right to contest the hearing based on the failure of the tape recorders. He so stated to the Commission and said that he would sign a written statement to that effect.
Id., item X, minutes.
In his complaint, plaintiff claims error in that the hearing was "improperly recorded." Plaintiff did not brief this issue or cite authority in support of this claim. Therefore, the issue is deemed abandoned.
The minutes reflect substantial and competent evidence for the action of the IWC in modifying the permit insofar as "Scarveles stated that he had misinterpreted the permit and had failed to have the permit and rescission on the site as required." Id. Mr. Scarveles then requested a modification to allow removal of stockpiled material from the floor of the pond and on the "ballfields." The modification was granted pending receipt of an as-built survey and with the caveat that no work was to be allowed on the south side or in the area designated as "Phase II." The order was dated June 23, 1988. Id., item Y.
The IWC's modification of the cease and desist order permits some work despite the admitted violation. Defendant argues strenuously that the modification of the cease and desist order is, in reality, the unlawful modification of a permit duly granted. This claim is without merit, particularly in view of the fact that plaintiff requested the modification. CT Page 1061
Plaintiff also claims error in the failure to publish notice of the action taken. Section 12.2 of the regulations is cited in support of this claim. Id., item BB. Said regulation requires publication only if a permit is suspended or revoked. No such action was taken in this case. It is clear from the record that the IWC did not consider its action a suspension or revocation, as they subsequently issued another cease and desist order which is the subject of the second appeal herein.
This court finds no error in the action taken by the IWC which is the subject of the appeal in Docket #231283.
THE SECOND APPEAL
On September 20, 1988, the IWC issued another cease and desist order. As noted, this order is the subject of the second appeal.
The court finds that plaintiff is aggrieved by this decision.
Plaintiff sets forth several grounds in seeking to have his appeal sustained. As this court finds one of these claims to be dispositive, the others will not be addressed.
By certified letter dated September 20, 1988, plaintiff was notified of a hearing on September 22, 1988, to show cause why his permit should not be revoked. Record, Docket #231821, item D. Mr. Scarveles responded by Federal Express overnight letter dated September 21, 1988. In said letter, Mr. Scarveles notes that September 21 is Yom Kippur, and that he had been unable to reach his attorney. He then requested a continuance. Id., item E. The hearing was held on September 22, as scheduled. Mr. Scarveles appeared and again requested a continuance. He said he had not been able to contact his attorney because of Yom Kippur, and needed more time to prepare his case. He stated that he could not stay because he had to go see his son who had been admitted to the hospital. The IWC proceeded in plaintiff's absence and revoked his permit. Id., items F and H, minutes and transcript.
General Statutes 22a-44(a) requires a hearing within ten days of the issuance of an order to cease and desist. The previous cease and desist order dated June 3, 1988 scheduled a hearing for June 13, 1988. The order which is the subject of this second appeal was dated September 20, 1988 for a hearing on September 22. This court will not speculate on the discrepancy between the ten days given for the first order and the two days given for the second. However, it is found that it was unreasonable, as a matter of law, for the IWC to have denied the continuance in view of the short period of time between notice and CT Page 1062 hearing, particularly in light of the intervening Jewish holiday. The length of notice given in this case not only impeded plaintiff's ability to prepare his case, it effectively precluded any opportunity to have witnesses or experts appear on his behalf. Administrative hearings of this nature ". . .cannot be so conducted as to violate the fundamental rules of natural justice. Cassella v. Civil Service Commission, 4 Conn. App. 359, 494 A.2d 909
(1985), citing Miklus v. Zoning Board of Appeals, 154 Conn. 399,406, 225 A.2d 637 (1967). Due process requires the right to be heard at a meaningful time in a meaningful manner. Schwartz v. Town Plan. Zoning Commission, 168 Conn. 20, 24, 357 A.2d 495
(1975) (citation omitted). The action of the board in refusing the continuance denied plaintiff this fundamental right.
For the foregoing reasons, plaintiff's appeal in Docket #231283 is dismissed. Plaintiff's appeal in Docket #231821 is sustained, and the matter remanded to the IWC for a new hearing upon adequate notice in accordance with this decision.
DUNNELL, J.