KAREN A. GRIMES *v.* CONSERVATION COMMISSION
OF THE TOWN OF LITCHFIELD
(SC 15573)
(SC 15574)

Callahan, C. J., and Borden, Katz, Palmer and Peters, Js.

Argued September 25—officially released November 25, 1997

*Gail E. McTaggart,* for the appellant in Docket No. 15573 (defendant).

*Kenneth R. Slater, Jr.,* for the appellant in Docket No. 15574 (intervening defendant).

*William C. Franklin,* for the appellee in both cases (plaintiff).

*Richard Blumenthal,* attorney general, and *Janet P. Brooks,* assistant attorney general, filed a brief for the commissioner of environmental protection as amicus curiae.

*Opinion*

KATZ, J. The principal issue in this appeal is whether a municipal conservation commission, acting pursuant to the Inland Wetlands and Watercourses Act, General

Statutes § 22a-36 et seq. (act), must give an abutter actual notice of site inspections attended by a quorum of commissioners and by an agent of the property owner. This case arises out of an appeal by the plaintiff, Karen A. Grimes, from the granting by the defendant, the conservation commission of the town of Litchfield (commission),[1] of five applications to conduct activities regulated by the act. The plaintiff appealed from the commission's decision to the Superior Court pursuant to General Statutes § 22a-43 (a).[2] The applicant and property owner, James B. Irwin, then intervened as a defendant pursuant to General Statutes § 52-102 and Practice Book § 85. The trial court, *Pickett, J.*, dismissed the appeal. The Appellate Court reversed the judgment of the trial court, concluding that the commission, in violation of the plaintiff's due process rights, had provided inadequate notice of a visit to the proposed subdivision by five members of the commission and by the defendant property owner's engineer.[3] *Grimes* v. *Conservation Commission*, 43 Conn. App. 227, 230, 682

---

[1] The commission is the municipal agency charged under General Statutes § 22a-42 with enforcing the act, which is codified at General Statutes §§ 22a-36 through 22a-45.

[2] General Statutes § 22a-43 provides in relevant part: "Appeals. (a) The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may, within the time specified in subsection (b) of section 8-8 from the publication of such regulation, order, decision or action, appeal to the superior court for the judicial district where the land affected is located, and if located in more than one judicial district to the court in any such judicial district. . . ."

The plaintiff cited numerous grounds for appealing the board's granting of the applications, the majority of which are irrelevant to this appeal.

[3] The plaintiff claimed that the trial court improperly had dismissed her appeal because "(1) there was substantial evidence in the record to establish that the decision of the commission was unlawful because a commission member, who voted to approve the applications, had failed to attend a site visit and was, therefore, ineligible to vote, (2) the commission lacked

A.2d 589 (1996). The commission and Irwin thereafter separately petitioned for and were granted certification to appeal by this court limited to the following question: "Under the circumstances of this case, did the Appellate Court properly conclude that the plaintiff was deprived of due process of law by the conduct of the conservation commission regarding its September 14, 1993 site visit?" *Grimes* v. *Conservation Commission*, 239 Conn. 943, 944, 686 A.2d 121 (1996).

The record discloses the following undisputed facts. Irwin, the owner of a 14.9 acre parcel of land in Litchfield, submitted five applications to the commission for approval of regulated activities on a proposed four lot residential subdivision.[4] A duly noticed public hearing concerning these applications was convened on September 1, 1993, but, after two minutes, the hearing was recessed and continued to September 29, 1993.[5] On

jurisdiction in this matter because it failed to provide adequate public notice of a site visit, (3) the commission received and considered evidence ex parte, thereby depriving the plaintiff of her right to due process, and (4) the commission failed to consider, pursuant to General Statutes § 22a-41, whether the development of a separate parcel of land owned by the applicant was a 'feasible and prudent alternative' to the proposed action." *Grimes* v. *Conservation Commission*, 43 Conn. App. 227, 228–29, 682 A.2d 589 (1996). The Appellate Court, apparently using the plaintiff's second claim as a springboard, concluded that the plaintiff's due process rights to fundamental fairness had been violated when the commission failed to give her personal notice of the site inspection. Id., 234.

[4] The commission's previous ruling on applications for a five lot subdivision on the same land had been appealed by both Irwin and the plaintiff. The commission agreed to a stipulated judgment in favor of the plaintiff based on inadequate notice of the public hearing on those applications. The application at issue here sought permission to construct four homes on the 14.9 acre parcel and proposed a number of measures to prevent erosion, sedimentation, flooding, surface runoff, and pollution. The applications indicated that the proposed construction would affect approximately 0.04 acres of wetlands.

[5] Notice of the September 1 meeting was published in The Sunday Republican on August 19, 1993, and in the Torrington Register Citizen on August 26, 1993. The plaintiff concedes that this notice conformed to the requirements of General Statutes § 22a-42a (c) and that no further notice was required when the hearing was continued to September 29, 1993.

September 14, 1993, the commission held a special meeting on the property that was attended by five members of the commission and by Irwin's engineer, Dennis McMorrow. Because it was anticipated that a quorum of the commission would be present at the site inspection, it qualified as a "meeting" pursuant to General Statutes § 1-18a (b)[6] of the Freedom of Information Act, General Statutes § 1-7 et seq., and, therefore, was subject to the notice requirements for "special meetings" under General Statutes § 1-21 (a).[7] A notice of the site inspection, indicating the date, time and location of the special meeting, was posted properly at the town clerk's office in Litchfield as required by § 1-21 (a). The plaintiff did not have actual notice and did not attend the meeting. Minutes of this site inspection indicate that the commissioners walked over the property and discussed various aspects of drainage and wetland

General Statutes § 22a-42a (c) provides in relevant part: "Notice of the hearing shall be published at least twice at intervals of not less than two days, the first not more than fifteen days and not fewer than ten days, and the last not less than two days before the date set for the hearing in a newspaper having a general circulation in each town where the affected wetland or watercourse, or any part thereof, is located. . . ."

[6] General Statutes § 1-18a (b) provides in relevant part: " 'Meeting' means any hearing or other proceeding of a public agency, any convening or assembly of a quorum of a multimember public agency, and any communication by or to a quorum of a multimember public agency, whether in person or by means of electronic equipment, to discuss or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power. . . ."

[7] General Statutes § 1-21 provides in relevant part: "Meetings of government agencies to be public. . . . (a) . . . Notice of each special meeting of every public agency, except for the General Assembly, either house thereof or any committee thereof, shall be given not less than twenty-four hours prior to the time of such meeting by filing a notice of the time and place thereof in the office of the Secretary of the State for any such public agency of the state, in the office of the clerk of such subdivision for any public agency of a political subdivision of the state and in the office of the clerk of each municipal member for any multitown district or agency. The secretary or clerk shall cause any notice received under this section to be posted in his office. Such notice shall be given not less than twenty-four hours prior to the time of the special meeting . . . ."

crossings.[8] The minutes do not indicate whether McMorrow answered questions related to these concerns or otherwise participated in any way in these discussions. The trial court found that the information discussed at the site inspection also had been disclosed and discussed during the subsequent hearing on September 29, 1993. McMorrow was present and testified at the September 29 hearing, and was available for questioning by the plaintiff's attorney. On December 22, 1993, after several additional hearings, the commission granted Irwin's application subject to certain modifications. As found by the trial court, the conservation measures finally adopted by the commission were not proposed until after the September 14 site inspection.

In this certified appeal, the plaintiff claims that personal notice of the site visit was required because the visit was an integral part of an evidentiary hearing attended by agents of only one party and, therefore, that the mere posting of a public hearing agenda at the town clerk's office as required by § 1-21 (a) violated principles of fundamental fairness applicable to administrative proceedings. The commission and Irwin argue that the site visit was merely an investigative measure, properly engaged in by the commission, and that notice pursuant to § 1-21 (a) was therefore adequate. We agree with the commission and Irwin.

It is important to note at the outset that we need not consider what protections the plaintiff should have been afforded under the due process provisions of the state and federal constitutions because she had no cognizable property interest in this case.[9] A constitutionally

---

[8] The minutes of the site inspection state in relevant part: "The site was walked from lots 1 to 5. The drainage watercourse on lot 1 was examined and alternatives were discussed. The other drainage through the property [was] also noted and discussed. The wetland crossing for driveways to lots 4 and 5 was noted and alternatives discussed."

[9] Additionally, the plaintiff conceded at oral argument that there is no constitutional due process claim in this case and that she did not argue in her brief that such a right existed.

cognizable property interest is a prerequisite to the attachment of constitutional procedural and substantive due process rights. *Board of Regents* v. *Roth*, 408 U.S. 564, 576, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). A substantive property interest arises when "absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted." *Yale Auto Parts, Inc.* v. *Johnson*, 758 F.2d 54, 59 (2d Cir. 1985). Thus, we have held that even a property owner has no cognizable property interest in the issuance of a zoning permit if the agency has discretion to decide whether to approve the application. *Red Maple Properties* v. *Zoning Commission*, 222 Conn. 730, 742, 610 A.2d 1238 (1992).

Furthermore, "[a] statute or ordinance providing procedural guarantees does not create a constitutionally protected property interest unless it sets forth substantive criteria that limit the discretion of the decision-making body. . . . [A] party whose asserted property interest is not related to the substantive criteria but rather is grounded solely in the procedures set forth in the statute does not have a constitutionally cognizable property interest." (Citations omitted.) *Double I Ltd. Partnership* v. *Plan & Zoning Commission*, 218 Conn. 65, 78, 588 A.2d 624 (1991). Thus, we have held that an abutter has no due process right to actual notice of a hearing. Id., 79–80 (publication notice is sufficient); *Jarvis Acres, Inc.* v. *Zoning Commission*, 163 Conn. 41, 47, 301 A.2d 244 (1972) (constructive notice to abutter held sufficient); see also *Fusco* v. *Connecticut*, 815 F.2d 201, 205–206 (2d Cir.), cert. denied, 484 U.S. 849, 108 S. Ct. 149, 98 L. Ed. 2d 105 (1987) (actual notice to abutting landowners not required). The plaintiff's asserted interest in the notice provisions of the act is unrelated to the substantive criteria of the act. *Double I Ltd. Partnership* v. *Plan & Zoning Commission*, supra, 78. Because the plaintiff had no constitutionally

protected property interest at stake in these proceed-
ings, she had no property interest in the commission's
adherence to statutory notice provisions and has no
constitutional due process right to notice in this case.[10]

Although no constitutional due process right exists
in this case, we have recognized a common-law right to
fundamental fairness in administrative hearings.[11] "The
only requirement [in administrative proceedings] is that
the conduct of the hearing shall not violate the funda-
mentals of natural justice." *Miklus* v. *Zoning Board*

---

[10] The plaintiff and the Appellate Court rely on *Mullane* v. *Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950), for the proposition that constitutional procedural due process requires personal notice in this case. In *Mullane*, the United States Supreme Court held that certain easily identifiable persons with cognizable property interests were entitled to actual rather than constructive notice before they could be deprived of those interests. That holding, however, presupposed the exis-tence of a protected property interest, which we conclude did not exist in the circumstances of the present case.

[11] The right to fundamental fairness in administrative proceedings encom-passes a variety of procedural protections, including the right to adequate notice that is at issue in this case. *Pizzola* v. *Planning & Zoning Commis-sion*, 167 Conn. 202, 207, 355 A.2d 21 (1974); *Parsons* v. *Zoning Board of Appeals*, 140 Conn. 290, 293, 99 A.2d 149 (1953). In a number of administrative law cases decided after *Board of Regents* v. *Roth*, supra, 408 U.S. 564, we have characterized these procedural protections as "due process" rights. See, e.g., *Huck* v. *Inland Wetlands & Watercourses Agency*, 203 Conn. 525, 536, 525 A.2d 940 (1987); *Connecticut Fund for the Environment, Inc.* v. *Stamford*, 192 Conn. 247, 249, 470 A.2d 1214 (1984); *Pizzola* v. *Planning & Zoning Commission*, supra, 207. Although the "due process" characteriza-tion, at first blush, suggests a constitutional source, there is no discussion in these cases of a property interest in terms of constitutional due process rights. These decisions are, instead, based on a line of administrative law cases and reflect the development, in Connecticut, of a common-law right to due process in administrative hearings. Although the facts of the present case do not require us to explore its boundaries, this common-law right is not coextensive with constitutional due process. See, e.g., *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, 226 Conn. 105, 152, 627 A.2d 1257 (1993); *Pizzola* v. *Planning & Zoning Commission*, supra, 207–208; *Miklus* v. *Zoning Board of Appeals*, 154 Conn. 399, 406, 225 A.2d 637 (1967). Therefore, to eliminate any further confusion, we will discontinue the use of the term "due process" when describing the right to fundamental fairness in administrative proceedings.

*of Appeals*, 154 Conn. 399, 406, 225 A.2d 637 (1967). Fundamentals of natural justice require that "there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary . . . ." *Parsons* v. *Board of Zoning Appeals*, 140 Conn. 290, 293, 99 A.2d 149 (1953), overruled on other grounds, *Ward* v. *Zoning Board of Appeals*, 153 Conn. 141, 146–47, 215 A.2d 104 (1965). Put differently, "[d]ue process of law requires that the parties involved have an opportunity to know the facts on which the commission is asked to act . . . and to offer rebuttal evidence." *Pizzola* v. *Planning & Zoning Commission*, 167 Conn. 202, 207, 355 A.2d 21 (1974); see also *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, 226 Conn. 105, 149–50, 627 A.2d 1257 (1993) (administrative agency "cannot properly base its decision . . . upon [independent] reports without introducing them in evidence so as to afford interested parties an opportunity to meet them"); *Huck* v. *Inland Wetlands & Watercourses Agency*, 203 Conn. 525, 536, 525 A.2d 940 (1987) (administrative due process requires due notice and right to produce relevant evidence); *Connecticut Fund for the Environment, Inc.* v. *Stamford*, 192 Conn. 247, 249, 470 A.2d 1214 (1984) (same). The purpose of administrative notice requirements is to allow parties to "prepare intelligently for the hearing." *Jarvis Acres, Inc.* v. *Zoning Commission*, supra, 163 Conn. 47.

The plaintiff argues that administrative fundamental fairness required that she be given personal notice of the site inspection because: (1) Irwin's engineer attended the site inspection; (2) technical aspects of the application were discussed with the engineer outside of her presence; and (3) the commission was aware of her interest in Irwin's applications. In essence, the plaintiff argues that, under these circumstances, the special

meeting was not a traditional site inspection but, instead, was an integral part of the hearing process.[12] The commission and Irwin respond that: (1) routine site inspections require either no notice or notice pursuant to § 1-21 (a); and (2) there are no facts on the record to show that the meeting was anything other than a site inspection and, consequently, that notice was adequate in this case. We agree with the commission and Irwin.

The commission gave notice of the site inspection in accordance with the Freedom of Information Act, which requires only that notice of meetings be posted at the town clerk's office.[13] Notification conforming to statutory requirements makes sufficient information available to interested parties so that they may prepare intelligently for the upcoming meeting or hearing. *Double I Ltd. Partnership* v. *Plan & Zoning Commission*, supra, 218 Conn. 79–80 (publication notice conforming to municipal zoning regulations held sufficient despite lack of actual notice to interested abutter); *Jarvis Acres, Inc.* v. *Zoning Commission*, supra, 163 Conn. 47–48 (constructive notice through publication held sufficient to allow interested abutter to "prepare intelligently" for hearing). In fact, the plaintiff concedes that

[12] We are somewhat puzzled by the Appellate Court's statement that its finding of inadequate notice is not dependent on the determination that ex parte communications took place during the site inspections. *Grimes* v. *Conservation Commission*, supra, 43 Conn. App. 234–35 n.11. The court's determination that personal notice was required appears to be based on its conclusion, unsupported by the record, that Irwin's engineer was "heard" by the commissioners outside the plaintiff's presence. Id.

The issues of proper notice and ex parte receipt of evidence are, in fact, distinct. While improper notice is a jurisdictional defect, rendering an administrative decision void; *Jarvis Acres, Inc.* v. *Zoning Commission*, supra, 163 Conn. 47; *Winslow* v. *Zoning Board*, 143 Conn. 381, 388, 122 A.2d 789 (1956); receipt of ex parte evidence merely shifts the burden of proof from the aggrieved party to the applicant to demonstrate that the communication was harmless. *Blaker* v. *Planning & Zoning Commission*, 212 Conn. 471, 473, 562 A.2d 1093 (1989).

[13] See footnote 7 of this opinion.

if the September 14 special meeting was merely a site inspection, the notice provided was sufficient. Therefore, unless the site inspection was, in fact, a hearing, the notice was proper.[14]

We begin with the scope of the commission's authority to investigate and to determine whether to grant an application to conduct activities regulated by the act. The law in this regard is well settled. Although administrative adjudicative proceedings and judicial proceedings offer some of the same procedural protections, they differ markedly in their treatment of the fact finder's reliance on nonrecord evidence. "An administrative agency can be the investigator and adjudicator of the same matter without violating due process." *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, supra, 226 Conn. 152. "Unlike judicial proceedings, an administrative board 'may act upon facts which are known to it even though they are not produced at the hearing.' " Id., 149, quoting *Parsons* v. *Board of Zoning Appeals*, supra, 140 Conn. 292; see also *Pizzola* v. *Planning & Zoning Commission*, supra, 167 Conn. 208 (zoning board may receive technical assistance in executive session); *Miklus* v. *Zoning Board of Appeals*, supra, 154 Conn. 406 ("[p]roceedings before an administrative board are informal and the board is not bound by strict rules of evidence and may act upon facts which are known to it, even though they are not produced at the hearing"). In fact, "an agency is not required to state all its determinations on the record so long as the record provides an adequate basis for the agency's decision." *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579,

[14] We note that, even if the site inspection was a hearing, publication notice pursuant to General Statutes § 22a-42a, as opposed to the posting that occurred in the present case, would have been sufficient. There is no requirement of personal or actual notice in the act or in the Freedom of Information Act, although a party may take steps to assure that he or she receives heightened notice. See footnote 18 of this opinion.

590–91, 628 A.2d 1286 (1993). The agency must, however, disclose any "special knowledge and experience" upon which it relies in reaching a decision. *Feinson* v. *Conservation Commission*, 180 Conn. 421, 428, 429 A.2d 910 (1980); see also *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, supra, 142 (agency must disclose material nonrecord facts learned through its own investigation); *Pizzola* v. *Planning & Zoning Commission*, supra, 207 (opposing party must be apprised of facts on which board asked to act).

Although site visits are not required by the act,[15] we have recognized that they may be necessary for commissioners thoroughly to evaluate property that is the subject of an application. *Manor Development Corp.* v. *Conservation Commission*, 180 Conn. 692, 701, 433 A.2d 999 (1980) (responsibilities conferred on commission by act necessitate site inspection); see also *Samperi* v. *Inland Wetlands Agency*, supra, 226 Conn. 582.[16] Commissioners are permitted to base their decisions in part on facts within their "peculiar knowledge," including information gleaned from a site inspection, as long as those facts are disclosed to the parties. *Manor*

---

[15] In fact, the act does not require the agency to hold hearings on applications in all circumstances. General Statutes § 22a-42a (c) (1) provides in relevant part: "The inland wetlands agency shall not hold a public hearing on such application unless the inland wetlands agency determines that the proposed activity may have a significant impact on wetlands or watercourses, a petition signed by at least twenty-five persons requesting a hearing is filed with the agency not later than thirty days after the submission of such application or the agency finds that a public hearing regarding such application would be in the public interest. . . ."

The commission's regulations require public hearings to be held "on all applications involving a significant activity." Litchfield Conservation Commission, Inland Wetlands and Watercourses Regs., § 6.5.

[16] The commission's regulations provide that the agency and any specialists hired by it "shall have the right of free access to any part of the property under consideration." Litchfield Conservation Commission, Inland Wetlands and Watercourses Regs., § 5.3.

*Development Corp.* v. *Conservation Commission,* supra, 701–702; see also *Huck* v. *Inland Wetlands & Watercourses Agency,* supra, 203 Conn. 547 ("[k]nowledge obtained through personal observations of the locus may properly be considered by the agency"). A site visit is therefore an appropriate investigative tool.

As the Appellate Court stated, and we agree, "[t]he purpose of a site visit is to acquaint the members of a commission with the property at issue." *Grimes* v. *Conservation Commission,* supra, 43 Conn. App. 228 n.3. By contrast, the purpose of a hearing is to afford the parties the opportunity to present and to rebut evidence upon which the commission relies in reaching its decision. See General Statutes § 22a-42a (c) (1); *Huck* v. *Inland Wetlands & Watercourses Agency,* supra, 203 Conn. 536; *Connecticut Fund for the Environment, Inc.* v. *Stamford,* supra, 192 Conn. 249. Investigative procedures, such as site inspections, therefore are not an integral part of the hearing process, although the agency must disclose to the parties any information relied upon in reaching a decision so that they may comment upon it. *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care,* supra, 226 Conn. 152, citing *Withrow* v. *Larkin,* 421 U.S. 35, 46–55, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975); *Feinson* v. *Conservation Commission,* supra, 180 Conn. 428–29.

Because the burden is on the plaintiff to show that the commission acted improperly; *Murach* v. *Planning & Zoning Commission,* 196 Conn. 192, 205, 491 A.2d 1058 (1985); she must prove that the meeting was, in fact, a hearing in order to avail herself of the more stringent notice requirements of § 22a-42a. The record is barren of any facts indicating that the September 14, 1993 meeting was anything other than a traditional site inspection. Despite the plaintiff's claims to the contrary, our review of the minutes does not indicate that McMorrow was questioned by the commissioners or that he participated

in any way. We therefore conclude that the September 14, 1993 meeting was neither a hearing nor an integral part of the hearing process as alleged by the plaintiff.

The plaintiff relies on *Palmisano* v. *Conservation Commission*, 27 Conn. App. 543, 608 A.2d 100 (1992), to support her claim that the presence of the defendant's engineer and the alleged receipt of ex parte evidence by the commissioners at the site converted the site inspection to a hearing and therefore rendered notice of the site visit inadequate. In *Palmisano*, the commission received tangible evidence, consisting of a hand drawn map showing the location of a well on abutting property, during a site inspection for which no notice was given and which was held after the close of the agency hearings. Id., 545.[17] The Appellate Court held that the plaintiffs' due process rights were violated because the commission had received evidence ex parte and the plaintiffs were given no opportunity to explain or rebut that evidence even though the location of the neighbor's well had been discussed during the hearing. Id., 547, citing *Norooz* v. *Inland Wetlands Agency*, 26 Conn. App. 564, 569–70, 602 A.2d 618 (1992) (ex parte receipt of evidence improper when obtained without opposition's knowledge and no opportunity offered to explain or rebut). The court in *Palmisano* concluded that the commission had acted improperly and had failed to rebut the presumption that the receipt of the ex parte evidence was prejudicial. *Palmisano* v. *Conservation Commission*, supra, 547; see *Blaker* v. *Planning & Zoning Commission*, 212 Conn. 471, 480, 562 A.2d 1093 (1989).

The facts of this case are distinguishable from *Palmisano*. First, as we have already stated, there is nothing

---

[17] The act requires that documents and maps relating to the application be made available to the public. General Statutes § 22a-42a (c) (1) ("[a]ll applications and maps and documents relating thereto shall be open for public inspection").

in the record to indicate that any ex parte evidence was received. Second, all parties were heard at the subsequent public hearing regarding the matters discussed at the site inspection, thereby rendering any hypothetical ex parte receipt of evidence harmless. In the present case, the notice of the site inspection comported with the provisions of the Freedom of Information Act and the Litchfield conservation commission inland wetlands and watercourses regulations, and the site inspection was held before the close of the hearings. The trial court also found that "the material content of all observations and communications relative to the site walk summarized in the minutes were disclosed and discussed at the subsequent continued public hearing. Additionally, the plaintiff was provided with ample opportunity to rebut [the] testimony." See *Micklus* v. *Zoning Board of Appeals*, supra, 154 Conn. 404 (noting plaintiff's failure to cross-examine on challenged evidence). In contrast to *Palmisano*, there is nothing in the record, and the plaintiff has pointed to nothing, to indicate that any evidence had been taken during the site visit or that Irwin's engineer had been questioned or had participated in any way in the proceedings. Nor did the plaintiff avail herself of the opportunity to question the engineer or the commission members at the subsequent September 29, 1993 hearing as to the nature of the discussion at the site visit. Additionally, the trial court found that the basis for the commission's recommendations had not been presented until after the site inspection. Therefore, the plaintiff has not established that the commission granted the application on the basis of anything other than evidence before it at the hearing or that the special meeting held at Irwin's property was anything other than a traditional site inspection. As the trial court found, the commission provided statutorily adequate notice of the site inspection and the parties had an opportunity to comment upon all the

facts discussed at the site inspection and to question the applicant's engineer at the subsequent hearing. The plaintiff cannot, therefore, prevail on her claim that she was deprived of a meaningful opportunity to address the facts upon which the commission based its ruling. For the foregoing reasons, we hold that the special meeting held on the subject property was nothing more than a site inspection and that the notice provided in accordance with § 1-21 (a) did not violate the plaintiff's common-law rights to fundamental fairness in the proceedings.

Our holding is further supported by the fact that a rule requiring the commission to give personal notice of site inspections to interested persons when one of the parties is in attendance would be unnecessarily burdensome. We have noted that, because municipal inland wetlands agencies are composed of volunteer laypersons, procedures and fact-finding must of necessity be somewhat more relaxed than for state agencies. See *Gagnon* v. *Inland Wetlands & Watercourses Commission*, 213 Conn. 604, 611, 569 A.2d 1094 (1990). The formalities of a hearing would generally be incompatible with a site inspection, which often involves walking over undeveloped land. Additionally, it would be difficult to determine, under the standard proposed by the Appellate Court, when the nature and extent of a party's interest have risen to a level that would require personal notice. Such a determination would be particularly difficult in light of the prohibition of the Freedom of Information Act against requiring members of the public to furnish their names as a condition of attendance at public hearings. General Statutes § 1-21 (a).[18]

[18] We note that although the plaintiff had no constitutional or common-law right to notice of the hearing, she could have taken steps to assure herself of actual notice. See General Statutes § 1-21c (requiring notice by mail, where practicable, to persons who have filed written request to receive such notice). The plaintiff chose not to avail herself of this mechanism. She could also have attempted to intervene as a party pursuant to General

The judgment of the Appellate Court is reversed and the case is remanded to that court for its consideration of the remaining issues raised by the plaintiff's appeal.

In this opinion the other justices concurred.

Statutes § 22a-19 (a). See, e.g., *Samperi* v. *Inland Wetlands Agency*, supra, 226 Conn. 582. We note that there is no evidence in the record that the plaintiff would have been excluded from the property had she sought to attend the site inspection. In fact, General Statutes § 1-21 (a) provides in relevant part that "meetings of all public agencies . . . shall be open to the public. . . ."