[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
Ozzie Mason of 138 Broad Street, Meriden, applied to the Zoning Board of Appeals of the City of Meriden for a special exception to establish a church located at the premises known as 43 West Main Street. This premises is located in a CCDD zone.
The board denied the application on April 4, 1995, and notice of the decision was duly published in a newspaper of general circulation.
The plaintiff was seeking a large centrally located building with available parking to conduct religious services and related activities. A church is a permitted use in a Meriden CCDD zone subject to the granting of a special exception.
The applicant intended to use the premises as a location for religious services and further anticipated that the premises would be used for choir practice and as a community center for members of the congregation. It was the intention of the applicant to use the premises as a center for the development of public service activities, including both adult members and youth members of the congregation. The applicant intended to use the premises for religious seminars and for nonprofit fund raising activities.
In denying the application, the Meriden commission found:
 "The proposed use is of such a location, size and character that in general, it would not be in harmony with the appropriate and orderly development of the district in which it is proposed to be situated and would be detrimental to the orderly development of the adjacent properties and associate in accordance with the zoning classifications of such properties. [Notice of Decision Exhibit B]"
AGGRIEVEMENT
No clear evidence was presented at the trial of the matter to CT Page 14168 indicate that the plaintiff Ozzie Mason had a legal interest in the subject property. Following the close of the hearing and not on the record, both sides informed the court that the Reverend Mason had a lease with an option to buy on the property. Clearly a lease with an option to buy would be sufficient to establish aggrievement. The court accepts the off-the-record agreement of a lease and finds that the Reverend Mason is aggrieved.
DISCUSSION
Traditionally, Connecticut zoning law has distinguished between zone changes or regulation changes where zoning authorities act in a legislative capacity and special exceptions or special permits where zoning authorities act in an administrative capacity. If a special permit application conforms to the standards in the regulation, it must be approved. A.P.W.Holding Corporation v. Planning and Zoning Commission, 167 Conn. 182,185. However, a special permit application can be denied based upon general considerations in the special permit regulation. Prior to Whispering Wind Development Corporation v.Planning Zoning Commission, 35 Conn. App. 515, 519 (1993), aff'd per curium 229 Conn. 176 (1994), there had been some disagreement whether or not the Supreme Court opinion in CameoPark Homes, Inc. v. Planning Zoning Commission, 150 Conn. 672
(1963), supported a conclusion that a special permit application may be denied on the basis of general considerations in the special permit regulation. However, in Whispering Wind the Appellate Court, with Chief Judge Dupont dissenting, held:
 "In essence, the plaintiff argues that once the specific requirements in section 9 are met, the permit must be granted, subject to any limitations that may be placed on that approval under the terms of section 10.02. Thus, according to the plaintiff, section 10.02 cannot serve as the sole basis for denying a special permit application, but can serve as a basis only for attaching conditions to the proposed plan. We do not agree. . . . It is well settled that in granting a special permit, the applicant must satisfy all conditions imposed by the regulation." [Emphasis in the original.] Whispering Wind,
at 520-521.
The Appellate Court went on to conclude:
 "Therefore, the plaintiff's claim that the general health, safety and welfare requirements contained in the regulation must be CT Page 14169 considered only for the purpose of placing conditions on a special permit and may not be considered in determining whether to deny or grant the permit must fail. Whispering Wind, at 522.
It is the function of a ZBA to weigh differing evidence presented to it at the public hearing and to render a decision based upon that evidence. That decision is entitled to great weight on appeal. An administrative agency is not required to believe any witness. Manna Development Corporation v.Conservation Commission, 180 Conn. 692, 697 (1980). The Supreme Court has held in Feinson v. Conservation Commission, 180 Conn. 421
(1980):
 "We have in the past permitted lay members of commissions to rely on their personal knowledge concerning matters readily within their competence such as traffic congestion and street safety." [Citations omitted.] Feinson, at 427.
Courts allow zoning authorities discretion to determine the public need because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. Lurie v. Planning Zoning, 160 Conn. 295, 312
(1971). The court should not and will not override local boards unless there is a clear and definite breach of duty. Luery v.Zoning Board, 150 Conn. 136, 146 (1962).
In the instant case, based upon the full record before it, the court cannot find that the ZBA abused its discretion when it found "The proposed use is of such a location, size and character that in general it would not be in harmony with the appropriate and orderly development of the district in which it is proposed to be situated and would be detrimental to the orderly development of the adjacent properties. . . ." Although this standard appears somewhat general, the Appellate Court holding inWhispering Wind justifies the use of such a general standard.
Finally, the court recognizes that the Constitution of the State of Connecticut expressly recognizes in Article VII the right of its citizens to "build and repair houses for public worship". The Appellate Court has held in Grace Community Churchv. Planning Zoning Commission of the Town of Bethel,42 Conn. Sup. 256, 263 (1992):
"Particularly close scrutiny is required here since the CT Page 14170 commission's action directly implicates freedom of religion under the state and federal constitution."
However, our Supreme Court has held that churches are subject to local zoning regulations regarding their location and that the application of such thereto does not violate the constitutional guarantee of freedom of religion. St. John's Roman CatholicChurch Corporation v. Darien, 149 Conn. 712, 720 (1962). Thus, while the court recognizes that constitutional provisions may mandate a certain deference to church structures, particularly where the issue faced by the court concerns a matter of whether or not something is a religious use, there does not appear to be anything in the constitutional guarantees which benefits the plaintiffs in the instant case. Because the application before the court is for a church use, the court in deference to the claimed church use, rejects the city's argument that certain of the uses proposed by Reverend Mason are not within traditional church uses. However, the court agrees with the city that the board, relying largely on personal knowledge, could conclude that a church use was not appropriate under the facts and circumstances of this case.
For the above stated reasons the appeal is dismissed.
KEVIN E. BOOTH, JUDGE