[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is an appeal from a decision of the defendant, the Inland Wetlands Commission of the town of Bethany ("the Commission"), approving, with conditions, an application (#672) by the defendant, Tudor Estates, LCC ("Tudor Estates") for approval of an 8-lot subdivision on property designated as 849 Amity Road in Bethany.
The subject property consists of approximately 30 acres and includes wetlands, as defined by Section 2.1 if of the Commission's Inland Wetlands and Watercourses Regulations ("Regulations"). On or about June 15, 1998, the defendant, Wendell C. Harp, filed an application to conduct a regulated activity on the said property. This was the third in a series of applications for the project, the first two having been withdrawn following public hearings. Numerous documents from the prior applications and transcripts of public hearing on application #659, held on February 17, 1998 and March 16, 1998, were incorporated into the record of #672.
A public hearing on application #672 opened on July 27, 1998, a site inspection meeting was conducted on August 1, 1998, and the public hearing on the application was concluded on August 17, 1998. At its meeting of September 28, 1998, the Commission voted to approve said application, with conditions. This appeal followed.
A hearing on this appeal was held on July 2, 1999, at which the plaintiff, Susan Bradford, was found aggrieved for purposes of standing to prosecute this appeal, as being an abutting landowner pursuant to General Statutes, Section 22a-43a.
 II
The plaintiff raises three issues on appeal: CT Page 13092
1. Was the plaintiff deprived of due process of law when the chairman of the Commission barred her from questioning the developer's engineer regarding a certain map and a new exhibit submitted at the second public hearing on August 17, 1998?
2. Should the action of the Commission be invalidated because it relied on its own knowledge rather than expert opinion concerning complex ecological issues under circumstances where an expert retained by the plaintiff was barred from setting foot on the subject premises by the developer, and the Commission failed to rely on any expert opinion?
3. Was the decision of the Commission granting the permit illegal, arbitrary or an abuse of discretion under the circumstances of this case?
After reviewing the record and considering the arguments of counsel, the court answers "no" to each of the above questions. The court concludes the plaintiff was not deprived of due process of law by any action of the Commission's chairman on August 17, 1998, nor in the course of the proceedings under review; the action of the defendant Commission should not be invalidated because there was adequate expert testimony in the record on which the Commission could rely in reaching its decision and the plaintiff has failed to establish that the Commission, or its members, relied solely on its or their own knowledge of "complex ecological issues"; the Commission's decision was neither illegal, arbitrary nor an abuse of discretion under the circumstances of this case, as there was substantial evidence in the record on which the Commission could base its decision and no deprivation of the plaintiffs rights to due process was shown.
 III
Judicial review of the Commission's decision is limited to a determination of whether the Commission's decision was arbitrary, illegal or an abuse of discretion, Whitaker v. Zoning Board ofAppeals, 179 Conn. 650, 654. The Commission is vested with a large measure of discretion and the burden of showing the agency has acted improperly rests upon the one who asserts it, Mario v.Fairfield, 217 Conn. 164, 169. (citation omitted).
Courts are not to substitute their judgment for that of the board and decisions of local boards will not be disturbed as long CT Page 13093 as honest judgment has been reasonably and fairly exercised after a full hearing, Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 49. (quotation marks, citation omitted). Courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution, Burnham v. Planning ZoningCommission, 189 Conn. 261, 266 (citation omitted).
Because municipal inland wetland agencies are composed of volunteer lay-persons, procedures and fact-finding must of necessity be more relaxed than for state agencies, Grimes v.Conservation Commission, 243 Conn. 266, 281.
 IV
The plaintiffs claim she was denied due process is not supported by the record. Administrative due process requires that the parties involved have an opportunity to know the facts on which the Commission is asked to act . . . and to offer rebuttal evidence, Grimes v. Conservation Commission, supra, at 274. The plaintiff attended and vigorously participated in four hearing sessions. She submitted written statements and reports, questioned representatives of the applicant, engaged in dialogue with the commission chairman, sponsored expert testimony. Her complaint that she was denied the opportunity to review and respond to two maps (Return of Record, Exhibits 49 and 50) introduced into the record at the hearing of August 17, 1998, is unpersuasive. Exhibit 49, titled "Zoning 1998" depicts the entire town of Bethany on a scale of one inch to one thousand feet. It had been made available to the plaintiff before the hearing date. The applicant's representative, William Gilbert, produced Exhibit 50, which essentially was a segment of Exhibit 50, with contour lines added. Gilbert explained how he had produced it, and responded to questions from the plaintiff (Transcript, August 17, 1998 hearing, pp. 1-6). The evidence provided by these two exhibits was cumulative of what was already in the record and, at most, corroborative. The Commission was not required to continue the hearing to allow the plaintiff to have her expert review the exhibits, nor was it requested to do so. The plaintiff labels a question she posed to Gilbert as "crucial" and his failure to answer a deprivation of due process. The court is unpersuaded. What is clear from the record is that the applicant claimed that its drainage plans would ensure that "whatever drains in off the property at 817 and 825 Amity Road would drain really through CT Page 13094 there in the same manner which it flows through right now." (Transcript, March 16, 1998 hearing, p. 12); that is, implicitly, that the drainage measures proposed would be sufficient to protect the plaintiff's land from adverse impact.
The question, "Do you remain strong in your position [that none of the wetlands west of 817 Amity Road drain through the plaintiff's property and onto the subject property]?," if not rhetorical, has not been shown to be crucial; it was the applicant's position throughout that the relevant watershed area was some 4.7 acres and that the applicant's drainage plans were sufficient to protect the wetlands from adverse impact. The plaintiff had ample opportunity to question, challenge, critique and rebut the applicant's claims, and did so. The plaintiffs claim that the hearing of July 27th had been continued solely to allow the Commission to do a site inspection, and that the continued hearing on August 17th was restricted accordingly, is not supported by the record and is without merit. The plaintiff has failed to establish, by a fair preponderance of the evidence, any of her claims of deprivation of due process.
 V
The plaintiffs second claim is that the Commission relied on its own knowledge, rather than expert opinion, in deciding complex ecological issues. A commission member is entitled to rely on his or her own knowledge, Feinson v. ConservationCommission, 180 Conn. 421, 427; this would include knowledge of the site, past applications, conditions in the community, Fuller, Land Use Law and Practice, Connecticut Practice Series, vol. 9, S.21.5 (1993 ed.). When, however, the questions to be answered go beyond the ordinary knowledge of lay folk, expert testimony is required, Jaffe v. State Department of Health, 139 Conn. 339,349. The weight to be accorded evidence, be it expert or lay, is for the Commission members to determine, Feinson v. ConservationCommission, supra, at 425, but for a Commission to disregard expert evidence there must be some evidence in the record which undermines such expert evidence, Kaufman v. Zoning Commission ofCity of Danbury, 232 Conn. 122, 157. If an administrative agency chooses to rely on its own judgment [regarding a technically sophisticated and complex subject], it has a responsibility to reveal publicly its special knowledge and experience, to give notice of the material facts that are critical to its decision, so that a party adversely affected thereby has an opportunity for rebuttal at an appropriate stage in the administrative CT Page 13095 proceedings, Feinson v. Conservation Commission, supra, at 428-29 (citations omitted).
In this case there is no indication that the Commission or any of its members discarded all expert evidence and relied solely on its own knowledge. There was substantial expert testimony and evidence in the record on which the Commission could base its decision. There was expert evidence from the applicant's representatives, from the Commission's expert, from the plaintiffs expert. The plaintiff claims that the Commission improperly relied on its own knowledge and experience 1) because "it made no finding as to the size of the watershed area"; and 2) because it did not "indicate it relied on either party's expert". The plaintiff cites no statute or appellate opinion mandating such finding or indication and this court is unaware of such requirements. Rather, the court's inquiry must be, was there substantial evidence in the record to support the agency's decision? — and the answer is "yes", including evidence offered by the applicant as to the size of the watershed at issue. Accordingly, the case cited by the plaintiff in support of her claim, Mannel v. Bethany Inland Wetlands Commission, No. 272316, Superior Court, Judicial District of New Haven (Freedman. 1., 3/22/89), is easily distinguished. In Mannel, the court found there was no evidence in the record, supporting the conditions imposed by the commission on the applicant (emphasis added); hence the conclusion that the commission members had improperly relied on their own knowledge in imposing conditions concerning complex technical matters.
The plaintiff complains that her expert was not allowed to set foot on the applicant's. property, depriving her of a fair opportunity to rebut the applicant's claims. The record does not support the plaintiffs claim. Her expert testified at length at the March 16th hearing. No mention was made of his inability to set foot on the applicant's land, nor request made to the Commission that he be permitted to do so. There was no indication that the expert was barred from joining the site inspection of August 1st. The plaintiff has failed to establish her claim of prejudice by reason of her expert being barred from entering the applicant's land.
 VI
The plaintiff's third claim is that the reasons assigned by the Commission are not reasonably supported by the record. CT Page 13096
Under the heading "Permit Justification" the Commission stated its reasons for approval:
 "Granting of the permit is justified because the Commission concluded that if the site is developed strictly in accordance with the plans and conditions of the permit, the onsite and adjoining wetland should be minimally impacted and there should be zero increase in the rate of runoff from the site.
 The Commission in its inspection of the site and submitted plans has not found a feasible and prudent alternative exists for the location of the road access to the site, since any alternative location of the road access other than as shown on the plans which are an integral part of this permit will have a far more significant and adverse impact on the onsite wetlands which abut Amity Road, Route 63, due to wider wetland crossings."
The plaintiff insists that the Commission left the question of the size of the wetland concerned remain unanswered. Was it 4.7 acres, as the applicant's expert claimed, or some 199 acres, as the plaintiff s expert calculated? The Commission made no finding as to size, and this, the plaintiff claims, rendered its decision illegal, arbitrary and an abuse of discretion. The court is not persuaded.
The applicant utilized an estimate of 4.7 acres in drawing up and presenting its drainage plans. The Commission, in voting to approve the application, stated that it was persuaded that if the site was developed strictly in accordance with the plans and conditions of the permit the onsite and adjoining wetland should be minimally impacted and there should be zero increase in the rate of runoff from the site. If it is the plaintiffs contention that a wetland of 199 acres renders the applicant's drainage plans inadequate, the Commission, in approving the application, chose not to credit that contention. There was substantial evidence in the record to support the Commission's stated reasons for approval. The plaintiff has failed to establish, by a fair preponderance of the evidence, that, in the circumstances of this case, the Commission, in approving the subject application with conditions, acted illegally, arbitrarily and in abuse of discretion. CT Page 13097
The plaintiff has failed to establish any of its claims that she was denied due process of law or that the defendant Commission acted illegally, arbitrarily or in abuse of its discretion in approving the subject application with conditions.
Accordingly, the appeal is dismissed, and judgment may enter in favor of the defendants, the Inland Wetlands Commission of the Town of Bethany, Wendell C. Harp and Tudor Estates, LLC.
By the Court
Downey, J.