[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is an appeal by Richard H. Neubig ("the applicant" or "Neubig"), from a decision of the defendant, the North Haven Inland Wetlands Commission ("the Commission"), granting his application for amendment of the wetland boundary map, but with conditions.
On or about August 26, 1998 the applicant filed with the defendant commission his application (I98-24, Return of Record, Exhibit 5) to amend wetland boundary map pertaining to property designated as 107 North Hill Road in the town of North Haven. Said application was received at a public meeting of the commission held on August 26. A public hearing on the application was held on October 28, 1998 and on November 18, 1998 the Commission voted to approve said application "as presented."
This appeal followed. A hearing on this appeal was held on October 1, 1999.
 II
The Commission derives its authority from General Statutes, Section 22a-42. Pursuant to General Statutes, Section 22a-42a, the Commission is empowered., inter alia, to amend boundaries of inland wetlands within its jurisdiction.
Judicial review of the Commission's decision is limited to a determination of whether the Commission's decision was arbitrary, illegal or an abuse of discretion, Whitaker v. Zoning Board ofAppeals, 179 Conn. 650, 654. The Commission is vested with a large measure of discretion and the burden of showing the agency has acted improperly rests upon the one who asserts it, Mario v.Fairfield, 217 Conn. 164, 169 (citation omitted).
Because municipal inland wetland agencies are composed of CT Page 763 volunteer lay-persons, procedures and fact-finding must of necessity be more relaxed than for state agencies, Grimes v.Conservation Commission, 243 Conn. 266, 281. Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their action., Frito-Lay, Inc. v.Planning Zoning Commission, 206 Conn. 554, 573 (citation, quotation marks omitted).
There is a strong presumption of regularity in the proceedings of a public body such as a local inland wetlands commission. Even if that presumption is rebutted, not all procedural irregularities require a reviewing court to set aside an administrative decision; material prejudice to the complaining party must be shown, Murach v. Planning Zoning Commission,196 Conn. 192, 205 (citations, quotation marks omitted.).
 III
In his appeal the applicant claims that at deliberations on the subject application, on November 18, 1998, "a motion was made 
Seconded to Approve the application as presented" whereas by letter dated November 25, 1998 the applicant was notified his application was "`Approved, subject to Conditions', inconsistent with the record of the aforementioned deliberation session". The applicant argues that the Commission approved his application "as presented" and without conditions. The applicant asks this court to find that the defendant Commission approved said application without conditions and enter a judgment accordingly. In support of his claim, the applicant cites a superior court case, Carnesev. Planning Zoning Commission, 1993 WL 256576, *6 Conn. Super., wherein, inter alia, it was claimed that the defendant commission had voted on a motion to approve an application [for special permit and site plan approval] subject to certain conditions. The notice letter to the applicant, however, included additional conditions. The court held, inter alia, that, "[a]ny additional conditions subsequently developed by the commission's director and the town planner, even if approved by the commission's chairman, are a nullity."
The defendant argues that it did not act illegally, arbitrarily or in abuse of discretion in that the conditions imposed were part of the record before the Commission; that the applicant had notice and opportunity to be heard regarding said conditions; that the conditions imposed were derived from staff review CT Page 764 comments in the record, and were not additional conditions subsequently developed, as in Carnese v. Planning and ZoningCommission, supra; that the conditions imposed were derived from the regulations governing such an application; and that the applicant had demonstrated no prejudice from the imposition of said conditions.
 IV
From its review of the record the court finds:
Subsequent to the filing of the subject application, the town engineer and the town's land use administrator reviewed the application and each submitted review comments to the Commission prior to the public hearing (Return of Record, Exhibits 7 and 8) recommending revisions to the plan submitted by the applicant.
At the public hearing of October 28, 1998, the Commission Chairman questioned the applicant's representative, Grabaek, as follows:
 MR. TROJANOWSKI [Chairman]: . . . Have you seen the town engineer's comments and the land use administrator's comments?
MR. GRABAEK:: Yes.
 MR. TROJANOWSKI: Was there anything that you either disagreed with or did not have to comply with?
 MR.. GRABAEK: With respect to this particular application, no. I see no problem with the comments. (Return of Record, Exhibit 3, p. 6).
At the Commission's meeting of November 18, 1998. Commission member Bruce moved "that we approve the boundary amendment as presented." The motion was seconded and approved unanimously, the Chairman stating: "The Commission unanimously voted to approved (sic) this application as presented." (Return of Record, Exhibit 1).
By letter dated November 25, 1998, the Commission, by its secretary, notified the applicant that the Commission, during the deliberation session held on November 18, 1998, unanimously voted to approve the application "subject to the following conditions: CT Page 765
1. Submit five (5) revised plans which include:
a.) The title block must indicate Neubig Farm "Resubdivision"
b.) A location map drawn to a scale of 1" = 800'.
 c.) A note indicating the date the Soil Scientist Report was completed (June 18, 1998) and the date the field work was done (June 16, 1998). In addition, the name of the company and date the wetlands were field located must be indicated.
d.) Names and addresses of adjacent property owners.
 e.) Reference to the "Zoning District" being "R-40" must be indicated.
 f.) An embossed seal must be included as per the provided certificate statement.
 g.) The plan must include existing contours and limits of wooded areas.
 h.) The existing culvert near the northeast corner of the property must be shown/labeled and historical information must be provided relative to the installation of same.
 V
The court concludes that the above-cited conditions were part of the record before the Commission, being derived from the recommendations submitted to the Commission by the town engineer and the land use administrator prior to the hearings on the subject application; that the applicant had adequate notice and opportunity to be heard with regard to all or any of said conditions; that the applicant's representative signified acquiescence in these conditions, at least with regard to this application. The court distinguishes this case from that ofCarnese v. Planning Zoning Commission, supra., in that the conditions imposed here were drawn from the record, and the applicant was given notice of them and opportunity to be heard. The court finds said conditions were reasonable and compatible with Regulations, Section XV, Amendments.
The applicant has failed to establish, by a fair preponderance CT Page 766 of the evidence, that the Commission, in voting to approve said application "as presented", intended to approve the application unconditionally. At least as plausible an inference is that the motion was carelessly worded and that the members having heard the applicant's representative state that the applicant had "no problem" with said conditions, assumed the said conditions were incorporated in the motion to approve. Moreover, the applicant has failed to show how imposition of these minor, technical revisions caused or could cause him material prejudice.
The applicant has failed to establish, by a fair preponderance of the evidence, that the defendant Commission, in imposing conditions on its approval of his application to amend boundaries, acted illegally, arbitrarily or in abuse of discretion.
Accordingly, the relief requested is denied and this appeal is dismissed. Judgment may enter in favor of the defendant, the North Haven Inland Wetlands Commission.
By the Court,
Downey, J.