[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the approval of the Wetlands Commission of the Town of Haddam (Commission) for a regulated activity consisting of the construction of a driveway across a wetland area for access to a proposed home to be built on property owned by the intervening defendant (Applicant).
The return of record for this appeal reveals the following facts:
On June 14, 1999, the Commission initially approved construction of the driveway on the Applicant's property. On June 5, prior to its approval, a Commission member, the Commission Chairman and the Zoning Enforcement Officer conducted a site visit to the proposed project, to evaluate its impact.
It should be noted that the proposed driveway was to be constructed over an existing logging road already dissecting the affected wetland.
The June 14 approval became the subject of an appeal with one of the grounds bring the failure to notify the adjacent municipality of the pending petition in violation of Conn. Gen. Stat. § 22a-42c. CT Page 3116
On September 17, 1999, the applicants simultaneously submitted an application to again have the Commission approve construction of the driveway, as well as a petition to revoke the June approval. In conjunction with its petition, the applicants submitted a completed application as well as supplemental documents including a general location map (Planning Map-GIS Map), a Site Plan/Boundary Map which was a Class A-2 Survey Map, a Proposed Activity Map prepared by a consulting engineer, including an erosion and sedimentation control plan as well as wetlands demarcation certified by a soil scientist and drainage calculations prepared by a consulting engineer.
On September 13, 1999, the record reflects that the Commission met and discussed the completed application with the attorney for the Applicant who explained the plans of the proposed activities to the Commission. The Commission discussed whether or not this project was to be considered a significant activity and reviewed the applicable regulations. Reference was made to the onsite visit of June 5, 1999 by the Commission member and Commission chairman. The Commission chairman indicated that this activity was not a significant activity.
A 30" diameter culvert was proposed for the new application which was indicated to have less of an impact on the wetland. A motion for the determination that the subject driveway would not have a significant impact on wetlands was made "based on review of the application and its activities and information provided by the Applicant." The motion was passed unanimously.
On October 12, 1999, a hearing was held for a final determination of the petition during which the record reflects the attorney repeated the request to install the driveway across the wetland and further that it had been determined that this was not a significant activity at the prior wetland meeting. A discussion was held concerning the utilization of a 30" pipe as opposed to the initial culvert approved in the June petition. An engineer indicated that the 30" pipe created less a disturbance to the affected stream.
The motion to approve the permit was made using the 30" culvert. The findings stated on the record indicated "there were no alternatives to allow access to the proposed building site, that the present cart pass from past timbering projects had already disturbed the area and the piping scheme was the least disruptive to wetlands." The motion was unanimously passed.
The appellant has the appealed the decision of the Commission claiming a number of errors. CT Page 3117
In the opinion of the court, none of the claims justify sustaining an appeal.
In the complaint, the appellant has initially alleged that the Applicant "may" not possess clear title to the property which was the subject of the application. This claim was neither substantiated or referenced in the appellant's briefs.
The appellant claims that the application contained insufficient information upon which to base a decision which would either be fairly informed or for which there could be any rational basis. In her complaint and in her brief, the appellant has listed a number of deficiencies with respect to the documents submitted.
The court has reviewed each of these claimed irregularities which are directed at the individual documents and must conclude that they do not sufficiently diminish the integrity and quality of the information presented to the Commission.
It is axiomatic that each document considered by a land use board is not done so in a vacuum, but it is the combined information of all of the documentary evidence which a board considers in addition to additional relevant evidence. As noted above, the documents submitted by the Applicant included the Site Plan, which was an A-2 Survey, a Proposed Activity Map, which was an engineered map depicting the proposed regulated activity, Erosion Sedimentation Control Plan, as well as wetland demarcations as certified by a soil scientist, and the driveway culvert sizing computations prepared by a consulting engineer.
Had the application been insufficient, it was well within the purview of the Commission pursuant to Section 7 (Subsection 7.1) and Section 8 (Subsection 8.6 and 8.9) of the Regulations of the Haddam Wetlands Commission to request further information or deny the petition based on insufficient information without prejudice. See Woodburn v. ConservationCommission of the Town of Redding, 37 Conn. App. 166, 179 (1995).
The appellant has also raised several issues involving the admission of evidence that she feels should have been excluded. The appellant claims the second petition should not have been heard as the first petition technically had not been withdrawn.
There is no statutory limitation on successive applications to an Inland Wetlands Agency.
The appellant further claims that because the petition was "de novo" CT Page 3118 the Commission members were prohibited from utilizing any information ascertained through their participation in the initial petition including the site visit of June 5, 1999.
To the contrary, prior petitions to a Land Use Board are fertile grounds for consideration and in some cases bind the discretion of the Land Use Board to change its prior decision, Bradley v. Inland WetlandsAgency, 28 Conn. App. 48, and Strong v. Conservation Commission, 28 App. 435, 437 (1992).
In this particular case, as an appeal had been filed, there was no claim nor, in fact, any reference made that the Commission relied on its prior approval of the project several months earlier as the basis for approval of the subsequent application. The only evidence of the prior application consisted of the onsite visit by a Commission member and the chairman as well as observations as to the project not having a significant impact on the wetlands and, most likely, general familiarity of the proposal and the subject property.
Although site visits are not required by the act, courts have recognized that they may be necessary for commissioners thoroughly to evaluate property that is the subject of an application. Commissioners are permitted to base their decisions in part on facts within their "peculiar knowledge," including information gleaned from a site inspection, as long as those facts are disclosed to the parties. A site visit is therefore an appropriate investigative tool. Grimes v.Conservation Commission, 243 Conn., 266, 277, 278. (internal quotes and citations omitted)
The plaintiff has also filed additional claims which, in general, allege that the Commission found the proposed activity was not a significant activity as well as approving the application without substantial evidence in the record to support its decision, failed to cite substantial evidence to support its decision and that it should have, in fact, found that the activity to be permitted was a significant activity.
In interpreting the Wetlands Act, our Supreme Court has concluded that a local agency in power to implement the Wetlands Act must . . . be vested with certain amount of discretion in order to carry out its function. In deference to this discretion, review of Wetlands Commission decisions is not de novo. Instead, the reviewing court must sustain the agency's determination if an examination of the record discloses evidence that supports any of the reasons given, or if the reviewing court search of the records of the hearing before the agency reveals any adequate basis for its decision. The evidence to support any such reason, CT Page 3119 however, must be substantial. This so called substantial evidence rule is similar to the "sufficiency of evidence" standard applied in judicial review of jury verdicts and in evidence as sufficient to sustain agency finding if it affords a substantial basis of fact from which the fact and issue can be reasonably inferred. Woodburn v. Conversation Commission,37 Conn. App. 166, 170, 171 (1996). (internal quotes and citations omitted)
The record reflects that the proposed driveway was to be constructed over an existing logging trail which had already disturbed the wetlands area along the same track. The Commission had already considered and familiarized itself with the project several months earlier. Two members of the Commission had conducted an onsite investigation of the proposed project, obviously to determine the impact of the proposed project on the affected wetland area as well as the scope of the project itself The Chairman of the Commission who had visited the site indicated that the project was not a significant activity. The Commission discussed the project, the application and the plan submitted with the attorney for the Applicant. The plans submitted included a general location map (Planning Map-GIS Map), a Site Plan/Boundary Map which was a Class A-2 Survey Map, a Proposed Activity Map prepared by a consulting engineer, including an erosion and sedimentation control plan as well as wetlands demarcation certified by a soil scientist and drainage calculations prepared by a consulting engineer.
It is the opinion of the court that the record provides a substantial basis for the agency's approval of the petition.
The final claim of the appellant is that the applicant failed to meet his burden of proving there were no prudent and feasible alternatives to proposed activity and further claim that there was an obvious prudent and feasible alternative to the proposed activity which did not require the location of the present driveway.
The record reflects that the Commission did find that there was no alternative to allow access to the building site. However, the appellant is not questioning the determination that the present building site provides no alternative except the proposed driveway, but that the Applicant be required to locate his house on another portion of their property.
It must be noted that the Commission had determined the project would have no significant impact on the wetlands and therefore Section 22a-41
of the Conn. Gen. Stat. Subsection 6b did not apply.
This specific issue was discussed and decided by the Appellate Court in CT Page 3120Grimes v. Conservation Commission, 49 Conn. App., 95 at 103, 104. As in the present situation, the Conservation Commission determined that a proposed site for the construction of a house did not have a significant impact on the site's wetlands and watercourses. The basis of that appeal was that the court should have required the Commission to consider "the entire property including an adjacent lot" as a feasible and prudent alternative to the Applicant's development plan.
The Appellate Court distinguished the situation where a Commission determines that proposed activity will have no significant impact on the wetlands from the finding of a significant impact on the wetlands.
"If we require the Commission to consider whether the Applicant's adjacent land contained a feasible and prudent alternative, then the plaintiff would be allowed to dictate where an applicant can develop land even when the Commission is satisfied that the subject property does not interfere with the wetlands and watercourses. As a result, we decline to require the Commission to consider adjoining land owned by an Applicant." Id.
RICHARD P. GILARDI JUDGE OF SUPERIOR COURT