[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I STATEMENT OF THE CASE
The plaintiffs, Theodore and Marie Bauer (the Bauers), appeal from the decision of the defendant, the Redding zoning board of appeals (ZBA), denying the application for appeal from the decision of Aimee Pardee, the zoning enforcement officer (ZEO). The ZEO granted the defendant property owner, Creston Ely (Ely), a permit to expand a cottage on his property.
 II BACKGROUND FACTS
The record reveals the following facts. On April 4, 2000, Ely filed an application for a zoning permit to renovate an existing cottage on his property at 279 Black Rock Turnpike. (Return of Record [ROR], Item II-1; Item II-9.) The renovation consisted of a partial rebuilding of the cottage, including an increase in the height to allow for better utilization of the second floor of the building. (ROR, Item II-1, p. 2.) The permit application did not involve a change in the footprint of the existing building. (ROR, Item II-1, p. 2.) Ely also sought to renovate the kitchen facilities in the building, but the ZEO denied that portion of the application. (ROR, Item II-9, p. 2; II-10; II-11.)
Ely appealed the decision of the ZEO denying the renovation of kitchen facilities, and the Bauers, abutting landowners, filed an application for appeal with the ZBA on June 1, 2000. In their application to the ZBA, the CT Page 9040 Bauers claim that the permit purports to allow illegal expansion of a nonconforming building with three foot side and rear yards. (ROR, Item I-1, p. 2.) The Bauers also claim that the building is a garage. (ROR, Item I-1, p. 2.) The Bauers requested that the ZBA reverse the permit and require Ely to restore the subject building to its former dimensions. (ROR, Item I-1, p. 2.)
The ZBA held a public hearing on June 20, 2000. The ZBA heard testimony on both appeals that evening. Following testimony from Ely, Ted Auer (the contractor performing the renovations), the Bauers, the Bauers' representative, and the ZEO, the ZBA went into deliberative session. After discussing and voting on the other applications before the ZBA, the ZBA discussed and voted to deny Ely's application for appeal of the ZEO's decision denying the renovation of kitchen facilities. (ROR, Item III-10, pp. 37-40.) The ZBA also discussed the Bauers' application for appeal and decided to continue the public hearing to July 18, 2000. (ROR, Item III-10, pp. 40-46.)
On July 18, 2000, the ZBA opened the public hearing for additional comments and questions. (ROR, Item III-11, p. 2.) The Bauers' representative objected to further testimony on the basis that the hearing was officially closed on June 20, 2000. (ROR, Item III-11, p. 2.) The chairman stated that the ZBA had continued the hearing and that this was the time to submit any further information. (ROR, Item III-11, p. 3.) Ely's representative reviewed a report submitted by the ZEO and stated that the ZEO's decision was supported by the zoning regulations and consistent with the manner in which the zoning regulations have been interpreted in the past. (ROR, Item III-11, p. 7.) The ZBA asked for comments from interested parties and neighbors, but there was no response. (ROR, Item III-11, p. 8.) The ZBA read a letter from a neighbor, which was in opposition to the appeal, into the record and then moved to deliberative session. (ROR, Item III-11, p. 8.) The ZBA unanimously voted to deny the appeal, with one member abstaining from the vote. (ROR, Item III-11, pp. 14-15.) The Bauers now appeal from the decision of the ZBA.
 III JURISDICTION
General Statutes § 8-8 governs an appeal from a decision of a zoning board to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Cardoza v. Zoning Commission, 211 Conn. 78, 82, 557 A.2d 545 (1989). CT Page 9041
 A Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). General Statutes § 8-8 (a)(1) provides, in pertinent part, that an "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
In the present case, the Bauers allege that their property abuts Ely's property, and they have submitted a deed as proof that their property abuts Ely's property. (Complaint, Count One, ¶ 2; Plaintiffs' Exhibit 1.) Accordingly, the plaintiffs are aggrieved.
 B Timeliness of the Appeal and Service of Process
General Statutes § 8-8 (b) provides, in pertinent part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Service of process "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8 (e). "Service of process shall also be made on each person who petitioned the board in the proceeding, provided his legal rights, duties or privileges were determined therein." General Statutes § 8-8 (f).
The decision of the board was published on July 27, 2000. (ROR, Item III-9.) The Bauers served the town clerk of Redding, the chairman of the ZBA, and Ely on August 3, 2000. (Sheriff's Return.) Service of process was timely and made upon the appropriate parties.
 IV SCOPE OF REVIEW
"[F]ollowing an appeal from the action of a zoning [official] to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning [official], but on the decision of the board and the record before the CT Page 9042 board." Caserta v. Zoning Board of Appeals, 226 Conn. 80, 82, 626 A.2d 744
(1993). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." (Internal quotation marks omitted.) Irwin v. Planning ZoningCommission, 244 Conn. 619, 628, 711 A.2d 675 (1998).
"Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Bloom v.Zoning Board of Appeals, 233 Conn. 198, 206,658 A.2d 559 (1995). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." Francini v. Zoning Board of Appeals,228 Conn. 785, 791, 639 A.2d 519 (1994).
 V DISCUSSION
The ZBA denied the Bauers' appeal of the issuance of the zoning permit because "the zoning officer acted in accordance with the zoning regulations." (ROR, Item III-11, p. 14.) The Bauers appeal that decision, claiming that the ZBA acted arbitrarily, illegally, capriciously and in abuse of its discretion. The Bauers argue that the board improperly denied the appeal because the nonconforming building on Ely's property was illegally expanded. The Bauers assert that the building was illegally expanded because the building was rendered nonconforming by the 1977 regulations and § 5.17.2 of the Redding zoning regulations only allows expansion of buildings that were rendered nonconforming as of the February, 1986 regulations. The Bauers also argue that Ely unlawfully doubled the utilized floor area of the cottage, and that the alterations extend into the minimum setback area in violation of § 3.11 of the Redding zoning regulations. The Bauers also contend that the vertical expansion of the cottage increases its nonconformity in violation of paragraph four of § 5.17.2 of the Redding zoning regulations. The Bauers further assert that the ZBA's denial was improper because the ZBA accepted testimony after the close of the public hearing.
The ZBA argues that the Redding zoning regulations permit this enlargement because § 5.17.2 of the Redding zoning regulations allows the enlargement of a nonconforming building as long as the enlargement CT Page 9043 does not increase the ground coverage area of the existing building or exceed the height limit of the remainder of the building. The ZBA also contends that the public hearing was continued rather than closed, and therefore, it was proper for the ZBA to hear testimony from Ely's representative.
 A Whether the Regulations Permit the Expansion of Ely's Nonconforming Building
Section 5.17.2 of the Redding zoning regulations provides, in pertinent part, that "[a] nonconforming building or structure shall not be enlarged or extended, except where the enlargement or extension is in full conformity with these Regulations." The regulation also provides that "[a] nonconforming building or structure shall not be converted to a new and substantially more intensive use unless the building or structure is altered to conform to the Regulations. The phrase `more [intensive] use' means a change in the building or structure to accommodate more persons, increase utilized floor area, or expand the volume of business." The regulation further provides that "[w]here a building or structure or portion thereof has been made nonconforming by the adoption of these Regulations (February, 1986) with respect to setback, the nonconforming building, or structure or portion thereof may be enlarged provided that such enlargement does not increase the ground coverage area of the existing building, structure, or attached porch or deck; does not exceed the height limit of the remainder of the existing structure or building or of these Regulations. Examples include but are not limited to: enclosing a deck or porch; adding a second story; enclosing a balcony.
"[A] nonconformity can exist in four ways: (1) the use of the land or structure thereon may be nonconforming; (2) the lot of land may be nonconforming with respect to size or shape; (3) the structure on a piece of land may be nonconforming with regard to height, square footage, etc.; or (4) the location of a structure may be nonconforming in that it fails to meet setback requirements." Parks v. Zoning Board of Appeals ofRedding, Superior Court, judicial district of Danbury, Docket No. 324127 (January 24, 1997, Mihalakos, J.); see also R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1999) § 52.1, p. 548. "The prohibition of expansion of nonconforming uses applies only to the aspect of the use or structure which is nonconforming." Parks v. ZoningBoard of Appeals of Redding, supra, Superior Court, Docket No. 324127.
Section 5.17.2 of the Redding zoning regulations allows for reasonable repairs and alterations to nonconforming structures as long as the repairs or alterations conform to the regulations. Section 5.17.2 further CT Page 9044 allows the enlargement of structures that are nonconforming with respect to the setback provided that the enlargement does not increase the ground coverage area of the building and does not exceed the height limit of the remainder of the existing building.
At the hearing before the ZBA, the ZEO referred to § 5.17.2 and explained how each section applied, or failed to apply, to the nonconforming building on Ely's property. (ROR, Item III-10, pp. 13-15.) The ZEO found that the alterations to Ely's cottage were reasonable and conformed to the regulations because "[t]here is no change in the conformity of the use; a part-time cottage to a part-time studio seems to me to be equivalent and no change of the footprint (inaudible) is proposed." (ROR, Item III-10, p. 14.) Additionally, the ZEO noted that the building conformed to current height regulations. (ROR, Item III-10, p. 14.) The ZEO also found that the addition to the cottage did not convert the building to a more intensive use because "[a]lthough the building height has increased there is no change to the perimeter footprint of the building and there is no change in the actual floor area here for the downstairs and of the upstairs loft area." (ROR, Item III-10, pp. 13-14.)
The ZBA upheld the ZEO's decision, finding that the ZEO had acted in accordance with the regulations. The ZBA determined that vertical expansions are allowed unless the zoning regulations specifically prohibit vertical expansions. (ROR, Item III-11, pp. 10-11.) Additionally, the Redding zoning regulations allow the addition of a second story as long as the height limitation is not exceeded and the footprint is not increased. (ROR, Item III-11, p. 11.)
"It is the board's responsibility, pursuant to the statutorily required hearing, to find the facts and to apply the pertinent zoning regulations to those facts." (Internal quotation marks omitted.) Wing v. Zoning Boardof Appeals, 61 Conn. App. 639, 643-44, ___ A.2d ___ (2001). "Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court [must] decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts." (Internal quotation marks omitted.) Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991).
The Bauers argue that the section of the zoning regulations that allows the enlargement of buildings that are nonconforming with respect to the setback applies only to those buildings rendered nonconforming by the adoption of the February, 1986 regulations. Neither the ZEO nor the ZBA CT Page 9045 interpreted the regulations to exclude buildings that were nonconforming prior to the adoption of the 1986 regulations. The ZEO stated in her presentation to the ZBA that "[a]lthough February 1986 is stated in this Section, I have seen the Zoning Commission interpret this to include all buildings [a]ffected by the Regulations with the current complete revision date stated only as a generalization. The intent is more to distinguish between structures rendered non-conforming by the Regulations, versus illegal structures rendered legal, non-conforming. . . . This building, having been constructed around 1900 is clearly the former." (ROR, Item II-1, p. 5.) The ZBA agreed implicitly with the ZEO's interpretation of this section of the regulations by finding that the ZEO had acted in accordance with the regulations. The court concludes that this interpretation of the regulations is reasonable and supported by the record. Without specific language prohibiting the expansion of buildings that were nonconforming prior to the adoption of the February, 1986 regulations, the court will not read such a requirement into the regulations.
The record demonstrates that the board properly applied the zoning regulations to the facts. The Redding zoning regulations allow the enlargement of buildings that are nonconforming with respect to the setback as long as the ground coverage area is not expanded and the height limit is not exceeded. The record shows that the subject building was nonconforming only with respect to the setback. The record also reveals that the ground coverage of the building was not enlarged and that the height limits for the remainder of the building were not exceeded. Accordingly, the court finds that the ZBA reasonably applied the regulations to the facts and that the renovations to Ely's building were allowed under the § 5.17.2 of the Redding zoning regulations.
 B Whether the Redding ZBA Improperly Conducted Multiple Public Hearings
General Statutes § 8-7d (a) provides, in pertinent part, that "in all matters wherein a formal petition, application, request or appeal must be submitted to a zoning commission, planning and zoning commission or zoning board of appeals under this chapter and a hearing is required on such petition, application, request or appeal, such hearing shall commence within sixty-five days after receipt of such petition, application, request or appeal and shall be completed within thirty-five days after such hearing commences."
The Supreme Court has determined that "[t]he only requirement [in administrative proceedings] is that the conduct of the hearing shall not violate the fundamentals of natural justice. . . . Fundamentals of CT Page 9046 natural justice require that there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary." (Citations omitted; internal quotation marks omitted.) Grimes v.Conservation Commission, 243 Conn. 266, 273-74, 703 A.2d 101 (1997). "The commission could not properly consider additional evidence submitted by an applicant after the public hearing without providing the necessary safeguards guaranteed to the opponents of the application and to the public." (Internal quotation marks omitted.) Blaker v. Planning ZoningCommission, 212 Conn. 471, 477-78, 562 A.2d 1093 (1989).
Following testimony from the parties, the ZEO and other interested individuals, the ZBA went into deliberative session on June 20, 2000, and the Bauers assert that this was the official close of the public hearing. The ZBA contends that it properly continued the public hearing on the Bauers' appeal to July 18, 2000. Although the ZBA admits it should have clearly stated that the public hearing would continue on July 18, 2000, the ZBA maintains that the hearing was never officially closed. The ZBA also argues that the hearing on July 18, 2000, was properly noticed and therefore, the Bauers were not prejudiced by any testimony. Furthermore, the ZBA claims that the Bauers could have requested a continuation of the hearing to offer evidence in rebuttal.
"In general, as long as all the evenings of testimony are completed and the hearing declared closed within the thirty [now thirty-five] day maximum time period specified by the governing statute, all the evenings together constitute a single hearing . . . The intent of the commission to close or to continue the hearing on another evening, as shown by the statements of the chair at the close of an evening's proceedings, is the test used to determine when a hearing is closed." T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) p. 397. Accordingly, the court must search the record to determine whether the intent of the commission was to close the hearing or continue the hearing at the end of the proceedings on June 20, 2000.
The record demonstrates that the ZBA did not hold multiple hearings on the same application. At the hearing on June 20, 2000, the ZBA decided to hear testimony regarding the appeal by the Bauers and the appeal by Ely. At the outset, the chairman of the ZBA decided that the hearings for the two appeals would be combined and the deliberative sessions would remain separate. (ROR, Item III-10, p. 2.) The chairman of the ZBA made a motion to move into deliberative session following the testimony from interested parties on both appeals. After voting on other applications, the ZBA deliberated on Ely's appeal of the denial of the kitchen permit and voted to deny his appeal. (ROR, Item III-10, pp. 37-40.) Following a brief discussion of the plaintiffs' appeal, the ZBA decided to continue the CT Page 9047 hearing to July 18, 2000. (ROR, Item III-10, pp. 44-46.)
On June 28, 2000, the ZBA mailed a notice to the Bauers' representative on June 28, 2000, which stated that "the Redding Zoning Board of Appeals will continue and vote on the appeal application of your clients Theodore and Marie Bauer . . . Please plan on attending the meeting in order to answer any questions the board may have." (ROR, Item III-2.) The ZBA also published notices of the continuation of the public hearing on July 6 and 13, which states that the "Redding Zoning Board of Appeals will meet Tuesday, July 18, 2000 at 8 p.m. . . . to conduct public hearings and vote on the following applications: (1) Continuance from June 20, 2000 meeting of Theodore and Maria Bauer (applicant), Creston Ely (owner), 279 Black Rock Tpke., appeal from zoning permit granted 5/5/00 to expand garage into accessory studio violating Sec. 5.17." (ROR, Item III-9.)
On July 18, 2000, the ZBA moved to open the public hearing on the Bauer application and the Bauers' representative objected on the basis that the hearing was closed. The chairman of the ZBA responded to this objection that "[t]he meeting was tabled so that we could find further evidence and answer questions from both parties and all the testimony is on record and if you have further information to add, now is the time to do so and that is why we needed all five [members]. It's actually a continuation. So the testimony that was given in June is on tape and the five of us who were at the June meeting have to be here to resume for any new public information that has been gathered since that June meeting. So if there is further information then I'll entertain it. If there is none, then we'll move on to the next case." (ROR, Item III-11, p. 3.) Ely's representative spoke and commented on the ZEO's presentation. (ROR, Item III-11, pp. 3-8.) Ely's representative stressed that the ZEO correctly analyzed and applied the regulations to the facts of this case. Ely's representative also discussed two of the cases that were submitted to the ZBA and distinguished the present situation from those cases. The ZBA asked for comments from neighbors or interested parties following the testimony from Ely's representative and there was no response. The ZBA read a letter from one of Ely's neighbors into the record. Following other hearings that were before the ZBA on July 18, 2000, the ZBA moved into deliberative session.
It is clear from the ZBA's actions, that the ZBA intended to continue the public hearing on the Bauers' application until July 18, 2000. The chairman of the ZBA stated that "[w]e can basically table this application and bring it up again." (ROR, Item III-10, p. 45.) The ZBA provided a notice to the Bauers and published notices in the papers indicating that the hearing on the Bauers' appeal was continued to July 18, 2000. The notice to the Bauers specifically stated that the ZBA may ask further questions. Based on the actions of the board, the court finds CT Page 9048 that the ZBA intended to continue the hearing to July 18, 2000.
The Bauers analogize the present case to Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 538 A.2d 1039 (1988). In Frito-Lay,Inc. v. Planning Zoning Commission, supra, 206 Conn. 556, "the chairman of the commission specifically declared the public hearing closed at theend of the meeting of January 14, 1985." (Emphasis added.) The commission voted to table the application to its next meeting on February 11, 1985, "pending the receipt of certain information required by the commission." Id. At the next hearing on February 11, 1985, the commission allowed fourteen members of the public to comment on the application. Id. The application was tabled to the next meeting on March 11, 1985, and nine members of the public were allowed to comment during this meeting of the commission. Id., 557-58. The application was continued to the next meeting on March 26, 1985, at the applicant's request, and fourteen members of the public were allowed to comment at that hearing. Id., 558. The Supreme Court determined that the first hearing "could properly have been continued and completed within thirty days after [it] commence[d], but it was not. We, therefore, must consider the legal effect of the "hearings' of February 11, March 11 and March 26." (Internal quotation marks omitted.) Id., 567. The Supreme Court found that "[a]fter the hearing of January 14, 1985, was held and closed on that date, there could be no further `hearings' on Frito-Lay's application that would be permitted under the enabling statutory scheme on zoning." Id., 568. The Supreme Court "determined that because the commission did act illegally, we should go no further than to sustain Frito-Lay's appeal and remand this entire matter to the commission for a new hearing in accordance with law." Id., 575.
The present case, despite the Bauers' contentions to the contrary, is distinguishable from Frito-Lay, Inc. v. Planning Zoning Commission, supra, 206 Conn. 554. In Frito-Lay, Inc. v. Planning ZoningCommission, supra, the commission officially closed the public hearing, and proceeded to hold three more hearings beyond the thirty-five day time limit provided in General Statutes § 8-7d. In the present case, the ZBA continued the public hearing to July 18, 2000, provided notice to the parties involved, and completed the public hearing within the thirty-five day time limit established by General Statutes § 8-7d. Accordingly, the court finds that the ZBA did not conduct multiple public hearings on one application. The ZBA acted in accordance with General Statutes §8-7d by continuing and completing the public hearing within thirty-five days.
 VI CONCLUSION
CT Page 9049
Based on the foregoing analysis, the court finds that the Bauers have failed to demonstrate that the ZBA acted arbitrarily, capriciously, illegally, or abuse of its discretion.
Accordingly, the court dismisses the Bauers' appeal.
White, J.